141 So.2d 285 (1962)
CITY OF MIAMI, a municipal corporation, and City of Miami, a municipal corporation for the use and benefit of Ernest V. Young, Appellants,
v.
RAILWAY EXPRESS AGENCY INCORPORATED and Thomas I. Newman, Appellees.
No. 61-670.
District Court of Appeal of Florida, Third District.
May 22, 1962.
*286 Robert D. Zahner, City Atty., and S.R. Sterbenz, Asst. City Atty., for appellants.
David M. Turner, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal to review a final judgment dismissing plaintiff's complaint for want of prosecution pursuant to § 45.19, Fla. Stat., F.S.A.[1] The primary question in the instant appeal is whether the trial court erred in dismissing the cause on the ground that the plaintiffs had not taken "action" within the meaning of § 45.19.
After careful review of the record we are convinced that the judgment appealed must be reversed.
The salient facts necessary for the determination of the question involved are: Numerous motions and orders were filed prior to April 1, 1960. On April 19, 1960, defendants moved to require plaintiffs to deliver unto the defendants' attorney the physicians' reports of the alleged injuries of the plaintiff, Ernest Young. The court granted plaintiff's request for a continuance for the term on May 17, 1960. On May 25, 1961, plaintiffs duly requested the clerk of the court to redocket the case for jury trial. During the same day, plaintiffs gave notice to the defendants that plaintiffs had caused the defendants' motion of April 19, 1960 (which was still pending), to be set down for hearing on June 2, 1961. Four days later the defendants moved to dismiss the cause for lack of prosecution pursuant to § 45.19. The lower court granted the motion and entered the final judgment appealed.
The courts of this state have held that § 45.19 "`is not self-executing but requires the moving party to seek dismissal before any affirmative action in the prosecution of the cause is taken subsequent to the required period for abatement.'" Pollock v. Pollack, Fla. 1959, 116 So.2d 761.
*287 It is true that more than one year had elapsed from May 17, 1960, the date of the continuance to May 25, 1961, the date of which plaintiff gave notice to the defendant that the pending motion had been set down for hearing. However, defendant's motion to dismiss for want of prosecution was not made until four days after the plaintiff had progressed the case by setting down the pending motion. In the absence of a showing that the act of noticing the motion for hearing was not a step taken in good faith to prosecute or progress the cause, it was sufficient, when done before the motion to dismiss for want of prosecution, to protect against dismissal. It follows that the final judgment appealed should be and is hereby reversed.
Reversed.
NOTES
[1] The apposite provisions of § 45.19 are as follows:

"(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o'clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel * * *."