CHARLES CARROLL, Chief Judge.
Appellant seeks reversal of an order denying her motion to vacate an order which dismissed the cause for want of prosecution under § 45.19 Fla.Stat., F.S.A., and rule 1.35(e) F.R.C.P., 30 F.S.A., and for reinstatement of the cause.
The action was commenced July 21, 1965. An amended complaint was filed September 1, 1965. A motion to dismiss, addressed thereto, was filed September 3, 1965. A similar motion, with a motion to strike, was filed by another defendant on September 10, 1965. No action was then taken until September 9, 1966, when the plaintiff filed a notice on hearing of said motions. That notice was filed on the 365th day after the prior pleading. Thereafter the defendants separately filed motions to dismiss the cause for want of prosecution under the above cited statute and rule.. On October 3, 1966, the trial court granted the motions and dismissed the cause. The plaintiff filed a timely petition to reinstate the cause of action, alleging the circumstances recited above and citing and relying on the case of Pollock v. Pollack, Fla.1959, 116 So.2d 761.
Assuming, but not so deciding, that where a pleading is filed on the last day of a year from the date of filing of the last preceding pleading or order in the case, that such would amount to a want of prosecution for “one year,” the filing of the last pleading (notice of hearing, filed September 9, 1966), coming prior to the filing of a motion for dismissal for want of prosecution, and prior to action of the court of its own motion to that end, operated to progress the cause so as to preclude the dismissal thereof for want of prosecution, under the authority of Pollock v. Pollack, supra. See also City of Miami v. Railway Express Agency, Inc., Fla.App.1962, 141 So.2d 285. The filing of a notice of hearing as to a prior pending motion is “action” by filing of a pleading, signifying progress of the cause within the purview of the statute and rule. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165, 167; City of Miami v. Railway Express Agency, Inc., supra.
We hold, therefore, that the trial court was in error in denying the plaintiff’s motion to reinstate the cause, and the order appealed from is reversed.
Reversed.