HENDRY, Judge.
This is an appeal from an order of dismissal for lack of prosecution and from an order denying a petition for reinstatement, both of which were entered pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, 30 F.S.A.
The cause was initiated upon appellant’s complaint, to which appellee filed answer on January 12, 1966. No further action was taken until January 27, 1967, at which time appellant filed a notice of trial as provided for by Rule 1.440(b), Florida Rules of Civil Procedure, 30 F.S.A. However, the trial *474 court, upon its own motion, entered an order on February 2, 1967, which recited that the cause was thereby dismissed pursuant to § 45.19, Fla.Stat., F.S.A. (Superseded by Rule 1.420(e), Florida Rules of Civil Procedure, supra). Appellant’s subsequent petition to reinstate the cause was denied by the lower court’s order of May 9, 1967, whereupon the instant appeal was taken. We find that the trial court committed error in dismissing the cause.
This case is closely analogous to the case of City of Miami v. Railway Express Agency, Inc., Fla.App.1962, 141 So.2d 285, wherein the trial court had dismissed the action pursuant to § 45.19, Fla.Stat., supra. Under the facts as set out in the opinion, there had been no pleadings filed nor affirmative action taken toward prosecution for over a year. The plaintiff then requested the clerk to redocket the case for jury trial and set hearing dates for motions which had been pending prior to the year hiatus. Four days later, the defendants moved to dismiss for lack of prosecution, which motion was granted. Upon appeal to this court, the order was reversed. The opinion states, at page 287:
“In the absence of a showing that the act of noticing the motion for hearing was not a step taken in good faith to prosecute or progress the cause, it was sufficient, when done before the motion to dismiss for want of prosecution, to protect against dismissal.”
The rationale behind the decision in the Railway Express case, supra, is further explained by the premise adopted therein that the statute (in this case, Rule) providing for dismissal for want of prosecution is not self-executing, but requires a moving party to seek dismissal prior to resumption of affirmative action toward prosecution of the case. Pollock v. Pollock, Fla.1959, 116 So.2d 761.
The only remaining question is whether the filing of the “Trial Notice” constitutes such affirmative action toward prosecution of the cause as will prevent dismissal. In this connection, we rely upon the case of Ferrara v. Coyle Beverages, Inc., Fla.App.1963, 156 So.2d 907, wherein a written notice of trial and praecipe for docketing was held to be a “step in the prosecution of the cause.” See also: Beck v. Humkey, Fla.App.1962, 146 So.2d 613.
Having concluded that it was error to have dismissed the cause, we find it unnecessary to discuss appellant’s contentions regarding denial of the petition for reinstatement. Accordingly, the order appealed is reversed and the case remanded with instructions to reinstate the cause.
Reversed and remanded.