PER CURIAM.
Plaintiff appeals from an order of the trial court dismissing his cause of action for want of prosecution, pursuant to the provisions of Rule 1.420(e), R.C.P., 30 F.S. A.
It is apparent from the record that action had been taken within one year by the plaintiff. This action was in the nature of filing a notice of hearing, which was held sufficient to constitute affirmative action by a plaintiff. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165; City of Miami v. Railway Express Agency, Inc., Fla.App. 1962, 141 So.2d 285; Knowles v. Gilbert, Fla.App.1968, 208 So.2d 660. Therefore, we find that the court erred in dismissing the cause pursuant to the provisions of the rule.
Appellee contends that notwithstanding the fact that the court may not have been justified in dismissing the matter, under the rule it had an inherent power to dismiss. In this contention we have examined the following: Eaton v. Harrison, 100 Fla. 1668, 132 So. 635; Reddish v. Forlines, Fla.App.1968, 207 So.2d 703; Popkin v. Crispen, Fla.App.1968, 213 So.2d 445; Shalabey v. Memorial Hospital of South Broward Hospital District, Fla.App.1971, 253 So.2d 712, (opinion filed October 27, 1971). Upon a full examination of these authorities and on the record in the instant case, we do not find a sufficient basis to justify the court’s dismissing the cause under its inherent power and, having found it lacked the authority to dismiss it under the rule, we therefore reverse the final judgment of dismissal here under review, with directions to reinstate the plaintiff’s last complaint and cause of action.
Reversed and remanded, with directions.