LILES, WOODIE A. (Retired), Associate Judge.
The claimant appeals from a deputy commissioner’s order finding that the statute of limitations had run on his July 14, 1973, accident. We reverse.
Claimant suffered a compensable injury to his back on July 14,1973, while employed by the Skyline Corporation, coverage provided by Commercial Union Insurance Company (employer/carrier). The last benefits paid, either medical or compensation, for this accident occurred on October 15, 1975. On August 9, 1977, he filed another claim for compensation regarding the 1973 accident; however, he undertook no further action regarding this claim until February 7, 1980, when he filed an application for hearing with the deputy commissioner. At the pre-trial hearing on March 19,1980, the employer/carrier filed a motion to dismiss this claim for lack of prosecution pursuant to Rule 11(b), Florida Workers’ Compensation Rules of Procedure.[1] The deputy commissioner agreed and dismissed the claim.
The issue thus presented is whether the claimant’s application for hearing dated February 7, 1980, serves to preclude dismissal of the claim for failure to prosecute. This is apparently an issue of first impression in the field of workers’ compensation procedure. However, it is well settled in civil cases that, when an action is dismissed for lack of prosecution, the time during which it is pending does not toll the statute of limitations and cannot be deducted from the total elapsed time in computing that statute. Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623 (Fla. 2nd DCA 1976). Nevertheless, the provisions of this rule are not self-actuating. Shalabey v. Memorial Hospital of South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971), cert. denied 257 So.2d 562 (Fla.1972); Fund Insurance Companies v. Preskitt, 231 So.2d 866 (Fla. 4th DCA 1970). Therefore, even though no action is taken in the ordinary civil case for a period of one year or more,[2] if action is taken prior to the filing of a motion for dismissal on this ground and *628 prior to dismissal by the court on its own motion, it operates to progress the cause so as to preclude its dismissal for failure to prosecute. Knowles v. Gilbert, 208 So.2d 660 (Fla. 3rd DCA 1968). In view of the obvious similarity of purpose between Florida Workers’ Compensation Rule of Procedure 11(b) and Florida Rule of Civil Procedure 1.420(e),[3] we feel that the rationale of Knowles, supra, applies equally to dismissals of workers’ compensation causes for lack of prosecution. Accordingly, we hold that the claimant’s action in filing the application for hearing more than two years after the August 9, 1977, claim prevented dismissal on the employer/cárrier’s subsequent motion to dismiss for lack of prosecution. See Beigel v. Simon, 210 So.2d 473 (Fla. 3rd DCA 1968). See also City of Jacksonville v. Hinson, 202 So.2d 806 (Fla. 1st DCA 1967), cert. denied 207 So.2d 688 (Fla.1967).
Reversed and remanded for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.

. Rule 11(b) states:
“Any claim, or any petition to modify in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of deputy commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years after filing, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the deputy commissioner before whom the action is pending, the file shall be forwarded to the appropriate deputy commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.”

. Fla.R.Civ.P. 1.420(e):
“(e) Failure to Prosecute. All actions in which it appears on the fact of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.”

. The only substantive difference between the two rules is the period of time.