504 So.2d 480 (1987)
Anthony L. LIUZZO, Appellant,
v.
Ed CRAPO, Property Appraiser of Alachua County, Florida, Appellee.
No. BN-450.
District Court of Appeal of Florida, First District.
March 19, 1987.
Grafton B. Wilson, II, Gainesville, for appellant.
Thomas A. Bustin, Co. Atty., Thomas D. MacNamara, Asst. Co. Atty., Office of Alachua Co. Atty., Gainesville, for appellee.
NIMMONS, Judge.
Appellant appeals from an order granting appellee's motion to dismiss for failure to prosecute. We reverse.
In December, 1984, appellant filed a complaint for review of a property tax assessment. Appellee filed an answer shortly thereafter. On May 15, 1985, appellee filed a request for production. On May 29, 1986, the appellee filed the motion to dismiss for failure to prosecute. Although the motion to dismiss alleged entitlement to dismissal because there had been no record activity for a year following the May 15, 1985 request for production, this motion expressly recognized that there had been record activity one week prior to the filing of appellee's motion to dismiss. The motion stated in pertinent part:
On or about May 22, 1986, Plaintiff filed an undated notice of service of interrogatories. The first page of such interrogatories (copy attached) reflects service by mail on May 22, 1986, clearly more than a year since the last activity of record, May 15, 1985.
Fla.R.Civ.P. 1.420(e) entitles a defendant, under certain circumstances, to an order of dismissal for failure of the plaintiff to prosecute the action.[1] However, Rule 1.420(e) is not self executing. As stated by our sister court in Carter v. DeCarion, 400 So.2d 521, 522 (Fla. 3rd DCA 1981):
The rule requires the filing of a Motion to Dismiss or action by the court before a cause may be dismissed [citation omitted], and such action must be undertaken before there is any further prosecution of the cause [citation omitted].
*481 We find no merit in appellee's argument that the trial court's order should be construed as finding that appellant's interrogatories did not constitute genuine record activity designed to progress the suit to judgment. Compare Karcher v. F.W. Schinz And Associates, Inc., 487 So.2d 389 (Fla. 1st DCA 1986).
Appellee's motion to dismiss does not allege that the interrogatories were disingenuous, nor does the record contain anything suggesting such. Moreover, the order of dismissal makes no reference to the interrogatories.
Accordingly, the appealed order is REVERSED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Rule 1.420(e) provides:

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.