556 So.2d 828 (1990)
Edgar G. HANSON, and Helen R. Hanson, His Wife, Appellants,
v.
Nadine POTEET, Appellee.
Nos. 89-00654, 89-00978.
District Court of Appeal of Florida, Second District.
February 16, 1990.
David W. Black, Jesse H. Diner, and Scott J. Frank of Atkinson, Jenne, Diner, Stone & Cohen, P.A., Hollywood, for appellants.
Richard B. Lansdale, Naples, for appellee.
ALTENBERND, Judge.
The defendants, Mr. and Mrs. Hanson, appeal a final judgment of foreclosure entered in favor of the plaintiff, Ms. Poteet, as a result of the plaintiff's motion to dismiss for failure to prosecute. Although we affirm one ruling within the final judgment, we reverse the judgment to the extent that it grants a foreclosure based on a motion to dismiss for failure to prosecute. The motion to dismiss for failure to prosecute *829 authorized only a dismissal of the entire action, not a dismissal of the defendants' counterclaim and the striking of their affirmative defenses. Moreover, the motion authorized merely a dismissal without prejudice, not a final judgment awarding affirmative relief.
In April 1975, Mary Nelson loaned $12,000 to the Hansons. The Hansons executed a promissory note and gave a mortgage to Ms. Nelson. Ms. Nelson was the Hansons' neighbor and the elderly aunt of Ms. Poteet. Sometime after the loan transaction, Ms. Nelson moved to California and lived with Ms. Poteet. In May 1978, the aunt allegedly assigned her note and mortgage to Ms. Poteet. Ms. Nelson died in October 1978.
In September 1979, Ms. Poteet filed this foreclosure action. She alleged that the Hansons had not made any payments since November 1978. The Hansons answered the complaint, raising numerous affirmative defenses, and also filed a counterclaim. Primarily, the Hansons claimed that Ms. Nelson promised to cancel the obligation upon her death if they helped care for her.
In April 1983, the trial court entered a partial summary final judgment. The trial court determined that Ms. Poteet would be entitled to foreclosure except for the issues raised in the Hansons' affirmative defenses and counterclaim. This order was clarified by another order in July 1984 which stated that the summary judgment was granted, "subject to the right of the Defendants to pursue their affirmative defenses and counterclaim."
In the following years, this case stagnated because Ms. Poteet lived in California and did not come to Florida for a deposition as required by the trial court. On December 9, 1988, the Hansons moved to dismiss the action for failure to prosecute. In the year preceding the motion to dismiss, neither Ms. Poteet nor the Hansons had taken any record activity to prosecute or defend their respective claims.
Ms. Poteet's attorney filed a written response to the Hansons' motion to dismiss and explained that he interpreted the partial summary judgment to be an order shifting the burden to pursue and prosecute the remaining issues to the Hansons. Thus, he believed that he had no obligation to prosecute and that he was entitled to a judgment if the Hansons did not pursue their defenses and their counterclaim. In addition to the response, Ms. Poteet's attorney moved to dismiss the Hansons' counterclaim for failure to prosecute. Ms. Poteet's motion asked the trial court to dismiss the counterclaim and to leave the earlier partial summary judgment intact. The Hansons did not file a written response to Ms. Poteet's motion to dismiss for failure to prosecute.
A single hearing was held on both motions to dismiss. The trial court agreed that the earlier orders had shifted the burden of prosecution to the Hansons. Thus, it denied their motion to dismiss. The trial court then granted Ms. Poteet's motion to dismiss. The trial court not only dismissed the Hansons' counterclaim and struck their affirmative defenses, but also entered a final judgment of foreclosure which contained provisions not found in the earlier partial summary judgment. The final judgment resolved both motions to dismiss and granted foreclosure.
We affirm that part of the final judgment denying the Hansons' motion to dismiss. In doing so, however, we emphasize that the earlier summary judgment did not shift the burden of going forward in the foreclosure action from Ms. Poteet to the Hansons. After the entry of the partial summary judgment, the Hansons had the burden of proof on all remaining issues, but they did not have the burden to prosecute Ms. Poteet's claim. Although the Hansons had the burden to prosecute their own counterclaim, they had little or no reason to ever seek a resolution of their opponent's claim.
The trial court correctly denied the Hansons' motion to dismiss because the language of the partial summary judgment had misled the plaintiff. Rule 1.420(e), Florida Rules of Civil Procedure, gives a trial court discretion to permit an action to continue if a party shows good cause in *830 writing why the action should remain pending. Although we require a trial court to use a "high" standard to test a party's explanation of good cause, American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980), a confusing and misleading order created by the trial court is surely an adequate reason to permit the action to remain pending. This is not a case involving "mere inadvertence or misimpressions and erroneous assumptions of plaintiff's counsel," but rather a case in which the trial court attempted to shift the burden of prosecution to a party to whom it could not be shifted. See Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977). Ms. Poteet and her counsel should not be penalized for their inaction in this case when it seemed appropriate under the trial court's partial summary judgment.
We reverse that part of the final judgment granting Ms. Poteet's motion to dismiss. A motion to dismiss for failure to prosecute authorizes the dismissal of an entire "action," not the dismissal of specific claims or affirmative defenses. Fla.R. Civ.P. 1.420(e); Fla.Civil Prac. Before Trial, § 20.27 (4th ed. 1983) (J. Glass); H. Trawick, Fla.Prac. and Proc., § 21-7 (1988). Cf. Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA), dismissed, 419 So.2d 1199 (Fla. 1982) (rule applies to entire action, not to individual parties). Obviously, Ms. Poteet does not wish for her entire foreclosure action to be dismissed.[1]
Moreover, rule 1.420(e) allows the trial court to merely dismiss an action without prejudice when the action has not been litigated to final judgment. The rule is designed to permit a trial court to rid its docket of cases in which the parties, through their inactivity, have demonstrated insufficient interest in obtaining a judgment on the merits. The rule does not permit the trial court to award affirmative relief upon unlitigated claims. Thus, the trial court erred in entering a final judgment of foreclosure at this time.[2]
Reversed in part, affirmed in part, and remanded for further proceedings consistent herewith.
SCHOONOVER, A.C.J., and HALL, J., concur.
NOTES
[1] This is not a case in which the action could be dismissed while a prior partial final judgment remained intact. The prior partial final summary judgment did not resolve all issues on the claim of foreclosure because the affirmative defenses were unresolved. Thus, we have no occasion to decide whether a plaintiff/counter-defendant, which had already received a partial final judgment on its claim as plaintiff, could move as counter-defendant to dismiss the action for failure to prosecute and also retain the benefit of its prior judgment.
[2] We are inclined to believe that there had been an act of prosecution within the year preceding the plaintiff's motion to dismiss for failure to prosecute. Only a few days before her motion, the defendants had filed their motion to dismiss for failure to prosecute. Under these circumstances, that motion seems to be an act of prosecution which resets the one-year clock. Liuzzo v. Crapo, 504 So.2d 480 (Fla. 1st DCA 1987); Kinsey v. Skyline Corp., 395 So.2d 626 (Fla. 1st DCA 1981); Knowles v. Gilbert, 208 So.2d 660 (Fla. 3d DCA 1968). We believe that this case is distinguishable from Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla. 1987). There the Florida Supreme Court addressed the issue of whether a movant's premature motion to dismiss constituted record activity which would prevent the movant's ultimate right to a dismissal. The supreme court held that "a motion to dismiss for lack of prosecution pursuant to Rule 1.420(e), whether initiated by the court or a party, cannot be deemed `record activity' sufficient to defeat dismissal of a case for lack of prosecution." Fleming, 508 So.2d at 720. In this case, the first motion to dismiss was a timely act of prosecution by the non-movant for purposes of the second motion. That party's primary goal in the litigation was to "terminate the cause." Fleming, 508 So.2d at 720. Thus, it would seem appropriate to treat the motion as an act of prosecution under these unusual facts. Since this reasoning is not essential to our opinion and may conflict with the broad holding in Fleming, we decline to rely upon this argument as a basis for reversal.