DELL, Judge.
Appellant contends the trial court erred when it dismissed her cause of action for lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure. We agree and reverse and remand.
On or about March 1, 1990, appellant filed a complaint seeking a determination of the estate’s ownership interest in a certain stock certificate. Appellee moved to strike and/or dismiss the complaint. On May 13, 1991, the trial court sua sponte entered a motion, notice and judgment of dismissal in accordance with rule 1.420(e). Within the time allowed by the rule, appellant filed a response asserting as cause her change in counsel, the unresolved motion to strike and/or dismiss and a multiplicity of related lawsuits that required attention of her counsel. At a hearing on the order of dismissal, appellant presented affidavits of counsel which established her counsel attended a June 4, 1990 hearing on appellee’s motion to dismiss.
The last record activity occurred on April 25, 1990 when appellant filed a re-notice of hearing on appellee’s motion to strike and/or dismiss and scheduled the hearing for June 4, 1990. Therefore, no record activity occurred within one year before the date of the order of dismissal. We find merit, however, in appellant’s argument that her counsel’s attendance at a properly noticed hearing on a motion to strike and/or dismiss the complaint constitutes a showing of good cause and sufficient non-record activity to preclude the trial court’s order of dismissal for lack of prosecution.
Accordingly, we reverse the order of dismissal and remand this cause for further proceedings.
REVERSED and REMANDED.
WARNER, J., concurs.
POLEN, J., concurs specially with opinion.