GRIFFIN, Judge,
dissenting.
This is a case where the plaintiffs motion for dismissal of the lawsuit for lack of prosecution was granted, extinguishing the plaintiff’s own claims but also extinguishing the defendant’s pending counterclaim.
The last record activity took place on August 9,1991 when defendant filed an affidavit and memorandum in response to plaintiff’s motion for summary judgment on one count of the complaint. Thus, the one-year dead *1087 line for record activity was to expire on August 9, 1992.[1]
On July 24,1992 plaintiff filed its motion to dismiss the cause for lack of prosecution. The motion specifically alleged that the last “prosecutorial pleading” (the above-mentioned plaintiffs motion for summary judgment) had been filed on July 3,1991 and that the last order of the court was entered on July 9, 1992. This latter allegation was evidently a drafting error. The record shows that the court had, in fact, entered an order denying a different defense motion for summary judgment on July 9, 1991. We can infer the first error was deliberate — evidently plaintiff intended to contend that an affidavit and memorandum filed by a defendant in opposition to plaintiffs motion for summary judgment are not filings that “advance the cause” as required by case law. See Toney v. Freeman, 600 So.2d 1099 (Fla.1992). Thus, the motion was premature and defective in two particulars: (1) it relied on the wrong filings to trigger the one-year period; and (2) it erroneously identified the date of the last court order.
Four days before the expiration of one year, on August 5, 1992, plaintiff served an amended motion, correctly identifying the date of the last order as July 9, 1991. The motion still relied on July 3,1991 as the date from which the one-year period should run, however. The defendant’s reaction to these filings was to prepare a memorandum in opposition to the motion, explaining why it should be denied, rather than undertaking any “record activity” designed to “hasten the lawsuit to final disposition” before August 9. This was a fatal mistake.
Evidently, defendant was unaware of the decision of the supreme court in Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla.1987) where the court held that a prematurely filed motion to dismiss for lack of prosecution lies dormant and springs into life on the one-year anniversary of the last “record activity”. The supreme court’s opinion in Fleming discloses that the motion in that case had been filed three months early. What the opinion does not disclose is whether the motion was defective on its face, as it is in this ease. Even in the face of Fleming, which apparently means this prematurely filed motion sprang automatically to life on August 9, 1992, it was still a meritless motion. Its expressly stated premise and legal basis were wrong. That motion should have been denied if it had been heard when filed on July 24, 1992, or when refiled on August 5, 1992, and it should have been denied when heard on August 27, 1992.[2] It does not matter that a prematurely filed motion correctly alleging the facts (or perhaps alleging no facts) would have sprung into life and would properly have been granted.[3]
We now know from case law that not all court filings constitute “record activity”,[4] and the problem of determining which filings meet both the “good faith” and the “designed to move the case forward” tests for “record activity” has become very complex. See, e.g., Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991); Hanson v. Poteet, 556 So.2d 828, 830, n. 2 (Fla. 2d DCA 1990). Moreover, even the difference between “record activity” and “non-record activity” has become increasingly difficult to determine. In Bialy v. Stinson, 617 So.2d 349 (Fla. 4th DCA 1993), a recent two-to-one decision, the Fourth District concluded that appearance at a noticed hearing in open court is not “record activity” if the hearing is not transcribed.
It also appears that some courts consider the one-year “record activity” rule should be calculated by measuring the time between the date of filing the last affirmative act and the date of filing the motion to dismiss,[5] while the supreme court evidently calculates *1088 from the last record activity going forward. Fleming. These are only a few of the traps inherent in this rule.
I continue to maintain that, as written, this rule represents an unwarranted hazard to litigants and their counsel. It should be possible to understand the operation of this rule by reading it. Instead, reading this rule gives barely a clue to the perils that loom behind it. Too many meritorious cases that no one intended to abandon have been torpedoed by this rule and too many competent, even excellent lawyers (or their malpractice carriers) have quietly paid claims because they were tripped up by the intricacies of it. Most judges do not see this rule as a problem, arguing that it should be easy to move a case along by appropriate record activity within one year. But a year in the life of a trial lawyer goes quickly and in a world where “record activity” has become a term of art infused with special meaning and where premature, meritless motions magically awaken, self-correct, and blow the lawsuit into little bits on the one-year anniversary of whatever the court decides was the last activity truly designed to move the case forward, these can be twelve very treacherous months. I would reverse.

. Because August 9, 1992 was a Sunday, August 10 was the trae deadline.

. The court could not have dismissed on its own pursuant to Rule 1.420(e) because, on August 20, 1992, Appellant filed a notice for trial.

. Indeed, the most sensible thing for defense counsel to do is to file such a motion at the commencement of the case as a prophylactic measure.

. Toney v. Freeman, 600 So.2d 1099 (Fla.1992).

. Togo’s Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988).