858 So.2d 196 (2003)
Keith P. GUIDRY, Appellant,
v.
PINE HILLS COUNTRY CLUB, INC. OF CALHOUN COUNTY, Appellee.
No. 2002-CA-01218-COA.
Court of Appeals of Mississippi.
October 28, 2003.
*197 C. Ashley Atkinson, attorney for appellant.
Caryn Lynne Anlage, W. Shan Thompson, Ridgeland, attorneys for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. The appeal presented to this Court arises from the dismissal of Keith P. Guidry's lawsuit against Pine Hills Country Club, Inc. of Calhoun City for want of prosecution, pursuant to Rule 41(d) of the Mississippi Rules of Civil Procedure. Feeling aggrieved, Guidry appeals the following errors:
I. THE CIRCUIT JUDGE OF CALHOUN COUNTY, MISSISSIPPI ABUSED HIS DISCRETION IN DISMISSING THE COMPLAINT.
II. THE CIRCUIT JUDGE OF CALHOUN COUNTY, MISSISSIPPI ABUSED HIS DISCRETION IN OVERRULING THE MOTION TO RECONSIDER.
¶ 2. Finding no merit in Guidry's appeal, the Court affirms the disposition of the trial court.

FACTS
¶ 3. On July 30, 1994, Guidry attended a wedding at the Pine Hills Country Club and suffered an injury walking down the steps of the clubhouse. Guidry alleged the cause of the accident was the negligent placement and maintenance of a welcome mat at the Pine Hills Country Club. Guidry commenced the lawsuit on July 24, 1997, approximately three years after the alleged negligence occurred.
¶ 4. Pine Hills Country Club served its answers to the complaint on August 19, 1997, and propounded discovery to Guidry on September 22, 1997. After receiving no response from Guidry, Pine Hills Country Club filed a motion to compel on March 20, 1998. On March 31, 1998, the court ordered Guidry to respond to the discovery request. Guidry did not sign the responses or swear to their authenticity as required by Mississippi Rule of Civil Procedure 33. Instead, Guidry's attorney signed the responses and executed them for him.
¶ 5. On April 17, 1998, Pine Hills Country Club filed motions to compel discovery and to strike Guidry's late discovery request for violation of Mississippi Uniform Circuit and County Court Rule 4.04. No further action was taken by Guidry to pursue his case to trial for two years.
¶ 6. The clerk of the court gave notice to the parties on June 15, 2000, that the case was being dismissed pursuant to Mississippi Rule of Civil Procedure 41(d). The clerk noted that there was no activity in pursuing the case for two years. Guidry filed a motion for extension of time to complete discovery and the case was reinstated by the court. Guidry failed to take further action in the case for over a year after reinstatement by the court.
¶ 7. On June 22, 2001, the clerk issued another notice to the parties that the case was being dismissed pursuant to Mississippi Rule of Civil Procedure 41(d) for failure to prosecute the case. In response, Guidry filed a motion to remain on the active docket, but gave the court no reason for his failure to diligently pursue the case for five years The circuit court dismissed Guidry's case without prejudice pursuant to Mississippi Rule of Civil Procedure 41(d) for failure to prosecute. Guidry filed a *198 motion for reconsideration to provide for a scheduling order, reopening of discovery and setting the cause of action for trial. On June 27, 2002, the judge denied Guidry's motion for reconsideration.
I. THE CIRCUIT JUDGE OF CALHOUN COUNTY, MISSISSIPPI ABUSED HIS DISCRETION IN DISMISSING THE COMPLAINT.
¶ 8. Guidry argues the trial court's dismissal was an abuse of discretion and a violation of Mississippi Rule of Civil Procedure 41(b), which provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of action or any claim." M.R.C.P. 41. Rule 41(b) allows the court to dismiss an action involuntarily for dismissal for want of prosecution as a penalty for dilatoriness. See M.R.C.P 41 cmt.
¶ 9. Guidry relies on American Telephone and Telegraph Company v. Days Inn of Winona, 720 So.2d 178 (Miss.1998) and argues his case was wrongfully dismissed pursuant to Rule 41(b). In a Rule 41(b) involuntary dismissal the defendant moves for dismissal of the claim. In this case, the clerk of the court initiated the dismissals pursuant to Rule 41(d). Pine Hills Country Club did not request the court to dismiss the case.
¶ 10. The circuit clerk filed two notices of dismissal pursuant to Rule 41(d). Mississippi Rule of Civil Procedure 41(d) provides:
where there has been no action of record during a twelve month period, the clerk of the court shall mail a notice to attorneys of record that the case will be dismissed by the court for want of prosecution unless within thirty days following the mailing, action of record is taken or an application is made to the court showing good cause why it should be continued as a pending case.
M.R.C.P 41. Guidry received notice of each involuntary dismissal by the clerk of the court. The first dismissal was commenced after a two year period of inactivity on the part of Guidry in pursuing the cause of action. Following the first dismissal, Guidry filed a motion for extension of time to complete discovery and the case was reinstated. After reinstatement, Guidry took no action to pursue the case to judgment for over a year until he received a second Rule 41(d) dismissal notice by the clerk of the court.
¶ 11. Guidry filed a motion to remain on the active docket but gave the court no reason for his lack of diligence in pursuing the case for almost five years. As a result, Guidry's case was dismissed pursuant to 41(d) for failure to prosecute. A Rule 41(d) involuntary dismissal provides Guidry with thirty days to take "action of record" and/or show good cause to the court why the case should not be dismissed. M.R.C.P 41. Guidry argues his motion to remain on the active docket is an action of record; therefore, the cause of action should not have been dismissed.
¶ 12. There are no Mississippi cases construing what constitutes an action of record, but the Mississippi Supreme Court in Wilson v. Freeland, 773 So.2d 305, 309(¶ 14) (Miss.2000), held that the chancellor's signing of an order on a motion to compel constituted an action of record because it invariably hastens a suit to judgment. See also Milu, Inc. v. Duke, 256 So.2d 83 (Fla.Dist.Ct.App.1971) (filing of a notice of hearing sufficient to avoid dismissal); Brumfield v. Varner, 561 So.2d 1376 (La.1990) (filing of order of transfer and motion to consolidate constituted formal action on record and clearly was "step in its prosecution or defense"); American Eagle, Inc. v. Employers' Liab. Assur. Corp., 389 So.2d 1339 (La.Ct.App.1980) *199 (post-trial conference called by trial judge to facilitate completion of a transcript so that briefs could be filed and a decision rendered was held to be a "substantial step in the prosecution"); Landberg v. State, 36 Wash.App. 675, 676 P.2d 1027, 1029 (1984) (where plaintiff filed motion for change of judge twenty-seven days after notice of dismissal for want of prosecution was issued, motion was in fact an affidavit of prejudice, and constituted action of record within thirty days, precluding dismissal for failure to prosecute).
¶ 13. A common thread in the above cited cases reflects acts which are "hastening the suit to judgment." Guidry's motion to remain on the active docket does nothing to move the case closer to a judgment on the merits. The case was on the docket in Calhoun County for five years. There have been two notices of dismissal for failure to prosecute. There was never a request for a trial setting nor a request to set the motions for hearings.
¶ 14. In a three year period, the only actions by Guidry were to keep the case on the docket. The actions do not meet the standard required to reverse the trial court.
II. THE CIRCUIT JUDGE OF CALHOUN COUNTY, MISSISSIPPI ABUSED HIS DISCRETION IN OVERRULING THE MOTION TO RECONSIDER.
¶ 15. Guidry argues that the circuit court's action in overruling his motion for reconsideration to provide for a scheduling order, reopening of discovery and setting the cause of action for trial was an abuse of discretion. Guidry states that his attorney had a duty pursuant to Rule 2.04 of the Uniform Circuit and County Court Rules to pursue the motion to hearing before the court.
¶ 16. Guidry argues that he is entitled to a hearing on his motion for reconsideration before the trial court but offers no legal basis for his argument. The circuit judge gave due consideration to Guidry's motion for reconsideration. A hearing on the motion would serve no legitimate purpose.
¶ 17. A dismissal pursuant to Rule 41(d) is warranted where there has been no action of record for the preceding twelve months and after all parties have been given notice of the proceeding. Guidry shows no good cause for failure to prosecute after two notices of dismissal by the clerk of the court.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.