KLEIN, J.
In this foreclosure case, which was dismissed for lack of prosecution, the trial court awarded prevailing party attorney’s fees against the assignee of the party who was foreclosing, even though the assignee, who was the real party in interest, had not formally been made a party. We reverse.
Vikar Associates, Inc. held a mortgage which was in default and filed a complaint to foreclose against appellee Mangonia. During the litigation Vikar assigned its interest in the loan documents and the foreclosure suit to Thomas Tinsley. About a year after the assignment. Vikar filed a motion to substitute Tinsley as plaintiff in place of Vikar; however, the motion was not called up for a hearing. Following the motion to substitute there was no record activity in the case for more than one year and Mangonia moved to dismiss for lack of prosecution. Mangonia sought attorney’s fees from both Vikar and Tinsley, even though Tinsley was not a party. Vikar responded to the motion asserting non-record activity which should prevent dismissal, and also argued that Tinsley was not a party and fees could not be awarded against Tinsley. After further proceedings, the trial court granted the motion to dismiss, awarded attorney’s fees and costs to Mangonia, and entered a judgment for them against Tinsley.
We agree with Tinsley that the court erred in assessing attorney’s fees and costs against him where, as here, he was not substituted as a party. Florida Rule of Civil Procedure 1.260(c) provides:
Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. *180 Service of the motion shall be made as provided in subdivision (a) of this rule.
This requires a court order for substitution of parties where there is an assignment. Because no party obtained a court order substituting Tinsley for Vikar, Vikar, as the rule permits, remained as the party pursuing the action, and the court was without jurisdiction to award fees or costs against Tinsley, a non-party.
Appellant also argues that, when the court dismissed the complaint for failure to prosecute, the counterclaim should also have been dismissed. We agree. Rule 1.420(e) provides that, where there is a failure to prosecute, the “action” shall be dismissed. The use of the word “action” means dismissal of all claims. Leon v. Old Republic Ins. Co., 561 So.2d 1304 (Fla. 3d DCA 1990); Hanson v. Poteet, 556 So.2d 828 (Fla. 2d DCA 1990).
We reverse the judgment for attorney’s fees and costs against Tinsley and remand for dismissal of the counterclaim.
GUNTHER and TAYLOR, JJ., concur.