# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1432

_____

TAYLOR, BEAN &
WHITAKER MORTGAGE
COMPANY and GOSHEN
MORTGAGE, LLC, as
successor in interest to
Taylor, Bean & Whitaker
Mortgage Company,

     Appellants,

     v.

JOSEPH M. WRIGHT and
MEGAN L. WRIGHT,

     Appellees.

_____

On appeal from the Circuit Court for Nassau County.
Steven Fahlgren, Judge.

August 3, 2018

WINOKUR, J.

Appellant, Taylor, Bean & Whitaker Mortgage Company (Taylor), appeals the trial court's entry of Final Judgment, which awarded attorney's fees and costs against Taylor's successor-in-interest, Goshen Mortgage, LLC (Goshen). Florida Rule of Civil Procedure 1.260(c) requires that the substitution of parties occur upon motion to the trial court, which never occurred here. As a

result, the lower court erred by *sua sponte* substituting Goshen as the Plaintiff.*

## I.

Joseph and Megan Wright entered into a mortgage with Taylor for a property located in Yulee. The Wrights defaulted and Taylor filed a complaint against them. Later in the litigation, Taylor went into bankruptcy and their interest in the Wrights' mortgage was assigned to Goshen. Goshen's counsel filed a Notice of Appearance as Taylor's co-counsel. Goshen, as "successor-in-interest" to Taylor, moved to dismiss the case and to cancel notice of *lis pendens*, and requested the original mortgage documents back from the court file, which the trial court granted. In turn, the Wrights then moved for a Judgment Awarding Costs and Attorney's Fees.

One of the primary issues at the hearing on the Wrights' motion was whether Goshen was the proper plaintiff in this action, subject to attorney's fees. Goshen and Taylor both argued that Taylor was the proper plaintiff, because Goshen was never substituted as plaintiff, in spite of the fact that it filed a motion to dismiss. The trial court found that Goshen's dismissal of the foreclosure suit as successor-in-interest made Goshen the "de facto" plaintiff. Accordingly, the trial court on its own motion substituted Goshen as the Plaintiff.

After the hearing, the trial court entered the Final Judgment Awarding Attorney's Fees and Costs Against Goshen.

## II.

When a trial court's decision is based, in part, on factual findings, it presents a mixed question of law and fact. *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 283 (Fla. 1st DCA 2003). The trial court's factual findings are reviewed under a competent, substantial evidence standard. *Id*. However, the trial court's application of the law to the facts is reviewed *de novo*. *Id*.

---

* We reject other issues raised in this appeal.

Florida Rule of Civil Procedure 1.260(c) governs substitution of parties to an action:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

We find that the trial court did not comply with the requirements of Rule 1.260(c). As such, Goshen was never properly substituted as Plaintiff in this case.

## III.

Goshen became Taylor's successor-in-interest when it acquired the Wrights' mortgage. Under this authority, Goshen voluntarily dismissed Taylor's foreclosure action against the Wrights. Rule 1.260(c) permits Goshen to seek dismissal on behalf of Taylor. Moreover, the rule makes clear that a successor-in-interest may continue an action of the original plaintiff "unless the court upon *motion*" substitutes the successor-in-interest as the plaintiff. Fla. R. Civ. P. 1.260(c) (emphasis added). This never occurred here.

As a result, this case is similar to *Tinsley v. Mangonia Residence I, Ltd.*, 937 So. 2d 178 (Fla. 4th DCA 2006). In *Tinsley*, the original plaintiff, Vikar Associates, instituted foreclosure proceedings against Mangonia Residence. *Id.* During the litigation, Vikar assigned its interest in the mortgage to Tinsley. *Id.* Vikar later moved to substitute Tinsley as the plaintiff, but the trial court never heard the motion. *Id.* Eventually, the foreclosure proceedings were dismissed. *Id.* Mangonia then sought attorney's fees from both Vikar and Tinsley, and the trial court awarded them fees from Tinsley. *Id.* The district court reversed the fee order based on Rule 1.260(c), holding that "[b]ecause no party obtained a court order substituting Tinsley for Vikar, Vikar, as the rule permits, remained as the party pursuing the action, and the court was without jurisdiction to award fees or costs against Tinsley, a non-party." *Id.* at 180. The

same analysis applies here. Taylor remained the proper plaintiff and the court could not order Goshen to pay attorney's fees.

The Wrights attempt to distinguish this case by asserting that, unlike Tinsley, Goshen acted to voluntarily dismiss the action, which had the effect of substituting itself for Taylor and made it the "de facto" plaintiff here. Indeed, the trial court also used this reasoning in its ruling. We disagree. Rule 1.260(c) provides that a party to whom the plaintiff's interest has been transferred can continue an action on behalf of the original plaintiff, including filing a voluntary dismissal. If a successor-in-interest becomes the plaintiff merely by filing a motion in the action, then the specific requirements to substitute parties contained in Rule 1.260(c) becomes meaningless.

A successor-in-interest can become a party to an action by making a motion to the trial court pursuant to Rule 1.260(c). Indeed, Florida courts have recognized that once a plaintiff has assigned its interests in an action a trial court has two options: "(1) to allow the action to be continued in the name of the plaintiff; or (2) to allow [the successor] to be either substituted for or joined with the original party-plaintiff." *Levine v. Gonzalez*, 901 So. 2d 969, 972 (Fla. 4th DCA 2005) (quoting *Schmidt v. Mueller*, 335 So. 2d 630, 631 (Fla. 2d DCA 1976)). The trial court's unilateral substitution of Goshen as the plaintiff violated the requirements of Rule 1.260(c).

We note that after the voluntary dismissal of Taylor's action by Goshen, the trial court did not have jurisdiction to substitute Goshen as the plaintiff. *See Randle-Eastern Ambulance Serv., Inc. v. VASTA*, 360 So. 2d 68, 68-69 (Fla. 1978) (holding that "a plaintiff's volitional dismissal divests a trial court of jurisdiction to entertain a later request to be relieved from the dismissal" and that a "trial court loses jurisdiction to proceed in any way beyond the announcement of dismissal"). Because the trial court's unilateral substitution of Goshen as the plaintiff occurred several months after the voluntary dismissal, it acted without jurisdiction. While the trial court had jurisdiction to hear the motion for attorney's fees, it did not have jurisdiction to substitute the plaintiff.

4

IV.

In conclusion, Goshen could dismiss the foreclosure suit as Taylor's successor-in-interest without substituting itself as the Plaintiff. Pursuant to Florida Rule of Civil Procedure 1.260(c), a trial court must rule on a motion for substitution before it can substitute a party to an action. The trial court's *sua sponte* substitution of Goshen as the Plaintiff was error. We reverse the entry of Final Judgment and remand to the trial court for proceedings consistent with this opinion.

REVERSED and REMANDED.

WOLF and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Cameron H.P. White and Jason R. Hawkins of South Milhausen, P.A., Orlando, for Appellants.

Lynn Drysdale, Jacksonville Area Legal Aid, Inc., Jacksonville, for Appellees.