# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00297-COA

**LORI SMITH**                                                                    **APPELLANT**

**v.**

**DR. PETER WEST D/B/A TUPELO DENTAL**                            **APPELLEE**
**GROUP**

DATE OF JUDGMENT:              02/14/2023
TRIAL JUDGE:                   HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:     LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOE M. DAVIS
ATTORNEYS FOR APPELLEE:        T. SWAYZE ALFORD
                               KAYLA FOWLER WARE
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
DISPOSITION:                   AFFIRMED - 05/21/2024
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     The Lee County Circuit Court dismissed Lori Smith's complaint for her failure to

prosecute, pursuant to Mississippi Rule of Civil Procedure 41(d)(1).  After a review of the

record, we find that the circuit court did not abuse its discretion, and we affirm the order of

dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2.     Lori Smith was an employee of Dr. Peter West.  On September 10, 2013, Smith

alleged that Dr. West had attacked her by grabbing her by the face and throwing her into a

piece of equipment in his office.  On September 2, 2014, Smith filed a complaint against Dr.

West and the Tupelo Dental Group (the company he allegedly did business as) in the Lee

County Circuit Court. She alleged that as a direct and proximate result of Dr. West's gross and reckless negligence, she sustained injuries to her face, head, and body and suffers from permanent anxiety and depression. She claimed that these injuries "caused her to suffer great loss of enjoyment of life, loss of wages and income, expense of medical care, and emotional distress." The trial was set to commence on December 14, 2016.

¶3.     On December 6, 2016, Smith filed a motion for a continuance for the purpose of completing discovery. The court granted the motion on December 19, 2016. The trial was rescheduled for December 4, 2017. On December 6, 2017, the court entered an order continuing the trial and requiring the parties to participate in mediation. Mediation proved unsuccessful, and no report from the mediator was ever filed. On January 31, 2018, the court entered a "Qualified HIPPA Protective Order." The record shows that no other actions took place after this order.

¶4.     On May 17, 2019, the circuit court clerk filed a Rule 41 notice, providing:

> Pursuant to Rule 41 of the Mississippi Rules of Civil Procedure, notice is hereby given that no action of record has been taken during the preceding twelve months in any of the following styled and numbered causes and that they will be dismissed for want of prosecution on June 21, 2019 unless good cause is shown why they should be continued as pending cases and an order is filed before that date.

In response, on June 21, 2019, Smith filed a motion to remain on the active docket. In the motion, she said that the delay was due to trying to locate a doctor who had treated her and that she finally located them to obtain a deposition. The court granted the motion on June 24, 2019. The court entered a scheduling order on March 18, 2021. The trial was set to

commence on August 30, 2021.

¶5. On July 16, 2021, the parties filed a joint motion for continuance because Smith had been awarded Social Security disability benefits, and they believed additional medical records were necessary to proceed. The court denied the motion on July 26, 2021, holding that "the parties fail to show what additional medical records are being referenced, how the granting of social security benefits relates to the matter before the court, or why the additional records sought are only now coming to light—to either party." On August 19, 2021, the court entered an order continuing trial due to the COVID-19 pandemic.

¶6. On November 16, 2022, the circuit clerk filed a second Rule 41 notice. In response, Smith filed a motion to remain on the active docket, citing the COVID-19 pandemic and noting that the parties had mailed an agreed scheduling order and agreed order setting the trial date. A hearing on the motion was set for February 14, 2023. After the hearing, the court entered an order dismissing the civil action for failure to prosecute, finding that Smith failed to show good cause why the matter should not be dismissed. The court noted, "[T]his is a relatively simple cause that has effectively languished on the docket since its inception on September 2, 2014. This is the second time the Clerk has noticed this matter as a stale case, and the docket evinces a record of delay and dilatory pursuit of this cause."

¶7. Smith filed her notice of appeal on March 15, 2023.

## STANDARD OF REVIEW

¶8. "This Court will not disturb a [circuit] court's ruling on a dismissal for want of

3

prosecution unless it finds an abuse of discretion." *Glass v. City of Gulfport*, 271 So. 3d 602, 604 (¶5) (Miss. Ct. App. 2018) (quoting *Cucos Inc. v. McDaniel*, 938 So. 2d 238, 240 (¶5) (Miss. 2006)). "A finding of abuse of discretion absent a definite and firm identification of clear error violates time-honored standard-of-review principles." *Leasy v. SW Gaming LLC*, 335 So. 3d 555, 558 (¶7) (Miss. 2022) (quoting *Nunnery v. Nunnery*, 195 So. 3d 747, 752 (¶13) (Miss. 2016)).

## DISCUSSION

¶9. Smith raises only one issue on appeal. She asserts that the trial court abused its discretion by dismissing the case for want of prosecution because she provided "good cause" for why it should remain on the active docket. We disagree.

¶10. "Rule 41(d) allows the court to dismiss an action involuntarily for dismissal for want of prosecution as a penalty for dilatoriness." *Glass*, 271 So. 3d at 604 (¶8) (quoting *Guidry v. Pine Hills Country Club Inc. of Calhoun Cnty.*, 858 So. 2d 196, 198 (¶8) (Miss. Ct. App. 2003)). Rule 41(d) provides:

> In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.

M.R.C.P. 41(d)(1). Accordingly, "[f]or the case to remain on the docket, [the plaintiff] must either 'take action of record or show good cause as to why his claim should not be

4

dismissed.'" *Glass*, 271 So. 3d at 604 (¶9) (quoting *Cascio v. Alfa Mut. Ins. Co.*, 164 So. 3d 452, 458 (¶26) (Miss. Ct. App. 2013)). "[A]n action of record has been characterized as one that "advance[s] the case to judgment.'" *Id.* at (¶9). Furthermore, the advisory committee note to Rule 41 provides that "[p]leadings, discovery requests, and deposition notices are 'actions of record.'" M.R.C.P. 41(d) advisory committee note.

¶11.    Here, the plaintiff failed to take an action of record to advance the case. The docket reveals that the main actions taken in this case were motions for continuances and motions to stay active on the docket. The last "action of record" in this case was a deposition notice that was filed on July 1, 2021, two years before the case was dismissed. Shortly after that, the parties attempted to continue trial for a third time; however, the court denied that motion. On August 19, 2021, the court continued trial due to COVID-19. There was no action for over a year until the circuit court clerk filed a second Rule 41 notice on November 16, 2022. On that same day, Smith claims that an agreed order setting trial and a scheduling order were mailed to the court. Smith argues that these proposed orders constituted an action of record because they "hasten[ed] the suit to judgment." However, these orders were clearly reactionary to the second threat of dismissal. *See Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 198 (¶22) (Miss. 2010) (One of the factors that courts may consider is "whether the plaintiffs' activity was reactionary to the defendants' motion to dismiss, or whether the activity was an effort to proceed in the litigation."). After the proposed orders were mailed to the court, Smith waited almost another month to file her second motion to

5

stay active on the docket. We have held that this type of motion does not suffice as an action of record because it "does nothing to move the case closer to a judgment on the merits." *Scott v. UnitedHealthcare of Miss. Inc.*, 374 So. 3d 1270, 1277 (¶25) (Miss. Ct. App. 2023) (quoting *Ill. Cent. R.R. Co.*, 994 So. 2d 723, 728 (¶13) (Miss. 2008)).

¶12. There are several periods of inaction throughout this case, which demonstrate a clear record of delay. The first delay was a nine-month period of inaction from August 2015 to May 2016, when an agreed order setting trial was filed. The second delay was a fifteen-month period of inaction from February 2018 to May 2019, when the first Rule 41 notice was filed. After the court filed an order allowing the case to stay on the docket, there was a third period of inaction for almost two years before a new scheduling order was finally filed. The fourth delay was a fifteen-month period of inaction from August 2021 to November 2022, when the second Rule 41 notice was filed. These delays alone are sufficient to warrant dismissal. *See Holder*, 54 So. 3d at 199 (¶22) ("'[D]elay alone may suffice' for a dismissal pursuant to Rule 41(b).") (quoting *Cox v. Cox*, 976 So. 2d 869, 875 (¶17) (Miss. 2008))); *see also Scott*, 374 So. 3d at 1280 (¶41) ("Factors other than delay are not required. The standard is whether there is a clear record of delay or contumacious conduct by the plaintiff." (emphasis omitted) (quoting *Hanson v. Disotell*, 106 So. 3d 351, 355 (¶10) (Miss. Ct. App. 2011))).

¶13. Smith also suggests that "COVID is a natural cause out of the parties' control and should be deemed a 'good cause' for a continuation." This case has been pending since well

6

before the COVID-19 pandemic, and the parties have had "various ways available to communicate with the court, such as via email, telephone, or the filing of a motion or notice." *Scott*, 374 So. 3d at 1279 (¶37). Smith failed to stay in contact with the court and, instead, allowed the case to linger on for another year after entry of the order of continuance (due to COVID-19). This idle period occurred after the court had already expressed discontent with how long the case had been pending.

¶14. We reiterate that "the power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." *Leasy*, 335 So. 3d at 558 (¶8) (quoting *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853 (¶20) (Miss. 2018)). The circuit court was well within its discretion to dismiss the case after allowing several continuances over the course of almost ten years. For all these reasons, we find that the circuit court did not abuse its discretion, and we affirm its judgment of dismissal.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**