# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01082-COA

**TONY L. SMITH AND LINDA N. SMITH**                          **APPELLANTS**

**v.**

**COLDWELL BANKER GRAHAM &                          APPELLEES
ASSOCIATES, INC., CINDY LAI, MARK S.
BOUNDS REALTY PARTNERS, INC., DONALD
CONN, JR. AND WAYNE C. WILLIAMS**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | DONALD W. BOYKIN |
| ATTORNEYS FOR APPELLEES: | LEE ANN C. THIGPEN |
| | JOE S. DEATON III |
| | TROY FARRELL ODOM |
| | RICHARD JASON CANTERBURY |
| | JIM WARREN III |
| | CLIFTON MICHAEL DECKER |
| | MICHAEL CHAD MOORE |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED: 09/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On November 9, 2003, Tony and Linda Smith entered into a real estate contract

(Contract) with John Hendon for the purchase of a home in Rankin County, Mississippi. The

Smiths were represented by Cindy Smith and Century 21 Maselle & Associates (Century 21).

Coldwell Banker Graham & Associates Inc. (Coldwell Banker) and Cindy Lai represented

the seller, Hendon.

¶2.     On January 14, 2005, the Smiths filed a First Amended Complaint in Hinds County Circuit Court, First Judicial District, against Hendon, Union Planters Bank NA (Union Planters), First American Real Estate Solutions of Texas L.P., Successor in Interest to First American Flood Data Services Inc. (First American), Century 21, Cindy Smith, Coldwell Banker, Lai, Mark S. Bounds Realty Partners Inc. (Bounds), Donald Conn Jr., and Wayne C. Williams.[1]  As the home had flooded a few months after its purchase, the complaint alleged negligence and/or fraudulent inducement on the part of the named defendants surrounding the issue of whether the property was located within a flood zone.

¶3.     Conn, who conducted the property's appraisal, filed interrogatories and a request for production of documents on February 23, 2005.  More than three years later, after the Smiths failed to respond, Conn filed a motion to compel discovery on September 12, 2008.  The Smiths assured Conn they would immediately produce the discovery responses; so he took the hearing off the court's docket.  But the Smiths again failed to respond to the discovery requests, and Conn filed a second motion to compel discovery on March 3, 2009.

¶4.     In the meantime, Bounds and Williams, who were also involved with the property's

---

[1] The initial complaint was filed in November 2004, but it was not included in the record.  There is no indication in the record that Hendon, Union Planters, or First American filed any briefs related to this matter, and they are not parties to the appeal.

Century 21 and Cindy Smith are also not parties to this appeal as their claims were ordered to arbitration by the Mississippi Supreme Court in *Century 21 Maselle & Assoc. Inc. v. Smith*, 965 So. 2d 1031, 1039 (¶14) (Miss. 2007).

2

appraisal, filed a motion to compel the depositions of the Smiths on February 25, 2009. The motion asserted that although depositions had been scheduled and noticed on prior occasions, the Smiths "unilaterally cancelled these depositions in order to conduct further discovery on the defendants" and had not "responded to movant Defendants' various recent requests to proposed dates for [their] depositions." Bounds and Williams followed with a motion to compel discovery responses on June 11. On June 30, 2009, the trial court granted the motions of Conn, Bounds, and Williams. The Smiths reached an agreement with the defendants to produce the documents, however, and no formal hearing was held. Depositions of the Smiths were taken on August 17-18, 2009, with counsel for Coldwell Banker, Lai, Conn, Bounds, Williams, and Hendon present.

¶5.     After Coldwell Banker and Lai filed a motion for summary judgment on September 14, 2010, the Smiths filed a motion to set trial on September 17 and a response to the summary-judgment motion on October 21. Conn filed a summary-judgment motion on January 11, 2011; Bounds and Williams followed with a motion for summary judgment on February 8, 2011. On July 26, 2012, the circuit court denied all three summary-judgment motions.

¶6.     Eighteen months later, after no further action had been taken by the Smiths, Coldwell Banker, Lai, Bounds, Williams, and Conn all filed motions to dismiss for lack of prosecution in January 2014.[2] The Smiths immediately responded with a motion to set trial on January

---

[2] Coldwell Banker and Lai assert in their brief that they filed a prior motion to dismiss for failure to prosecute on September 13, 2010. This motion is not contained in the record;

29, contending that any delay in setting a trial date "is no fault of the Plaintiffs" but, rather, due to their counsel's ongoing health issues. Coldwell Banker, Lai, Bounds, and Williams filed a notice of hearing a week later. However, the Smiths took no further action to set a trial; so on November 16, 2015, Coldwell Banker and Lai filed a motion to dismiss for lack of prosecution, with Bounds and Williams filing a joinder to the motion on December 11. The motion noted that it had been almost eleven years since the Smiths had filed their initial complaint and that the Smiths "have gone years at a time without taking any action in the case." The Smiths filed a response in opposition to the motion to dismiss on February 18, 2016.

¶7.     On June 28, 2016, the circuit court granted the Appellees' motions to dismiss, noting there had been "no substantial activity in this matter for a period well exceeding 12 months."[3] Finding no just cause for the delay, the court entered a Mississippi Rule of Civil Procedure 54(b) final judgment of dismissal "with prejudice as to all claims" except for those parties previously ordered to arbitration (Century 21 and Cindy Smith). On July 27, 2016, the Smiths filed a notice of appeal of the court's dismissal of the action, as well as a motion for

therefore, the Appellees' attempt to include it by attaching it as a "record excerpt" is improper. *See* M.R.A.P. 10(e) (outlining the procedure for the supplementation of the record on appeal). The trial docket, however, does reflect that Coldwell Banker and Lai filed a "motion to dismiss" on September 13, 2010, which does support their assertion. Furthermore, the record contains Conn, Bounds, and Williams's joinders in Coldwell Banker's and Lai's "motion to dismiss for failure to prosecute." Accordingly, while we cannot consider the document attached as a purported "record excerpt," we take notice of the docket and the joinder motions.

[3] There is no transcript of a hearing on the motions to dismiss contained in the record.

clarification of the judgment of dismissal and to set trial.[4]

¶8.     On appeal, we find no abuse of discretion in the circuit court's findings, and we affirm the judgment.

## ANALYSIS

¶9.     Under Mississippi Rule of Civil Procedure 41(b), a defendant may move for dismissal of any action or claim against him "[f]or failure of the plaintiff to prosecute . . . ." M.R.C.P. 41(b). "Rule 41(b) embodies the tenet that 'any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket.'" *Hillman v. Weatherly*, 14 So. 3d 721, 726 (¶17) (Miss. 2009) (internal quotation marks

---

[4] As the Smiths' motion to clarify was not filed within ten days of the judgment, it is not a Rule 59 motion, which would stay the appeal. *See* M.R.C.P. 59(e). "The time for appeal begins to run only after the entry of the order disposing of the last post-trial motion, *if the motion is filed no later than 10 days after the entry of the judgment*." *Brand v. Barr*, 980 So. 2d 962, 965 (¶9) (Miss. Ct. App. 2008) (citing M.R.A.P. 4(d)).

A hearing on the motion to clarify was held on December 5, 2016. The Smiths argued that because Hendon had not filed any pleadings, he should not be included in the judgment of dismissal, and a trial should be set. The Smiths now assert on appeal that because Hendon failed to file a brief, the judgment of dismissal "should be reversed and remanded, if in fact, the judgment appl[ies] to him." As this issue was not presented to the circuit court before the notice of appeal was filed, we find this issue is not properly preserved for our review.

The Smiths additionally filed a motion requesting the Appellees be required to pay additional costs for preparation of the trial record. Prompted by a request from the Mississippi Supreme Court for clarification of who was to pay costs, the circuit court entered an order, denying the Smiths' motion requesting payment of costs on January 17, 2017.

5

omitted). "What constitutes failure to prosecute is considered on a case-by-case basis." *Id.*

¶10.     When reviewing a circuit court's dismissal for failure to prosecute under Rule 41(b), we employ an abuse-of-discretion standard. *Holmes v. Grisby*, 234 So. 3d 425, 427-28 (¶8) (Miss. Ct. App. 2017) (citing *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 196 (¶16) (Miss. 2010)).  "Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly." *Id*. at 428 (¶8) (quoting *Holder*, 54 So. 3d at 196 (¶14)).  "[D]ismissal for failure to comply with an order of the trial court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." *Collins v. Koppers Inc.*, 59 So. 3d 582, 589 (¶19) (Miss. 2011) (quoting *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990)). The trial court may also "consider aggravating factors or actual prejudice to the defendant, and the presence of the factors or prejudice, though not necessary, may strengthen a case for dismissal." *State ex rel. Hood v. Louisville Tire Ctr. Inc.*, 204 So. 3d 1250, 1254 (¶9) (Miss. 2016) (citing *Holder*, 54 So. 3d at 197 (¶18)).  The Smiths contend that the circuit court's dismissal for lack of prosecution was an abuse of discretion as they were not responsible for the delay and nothing in the record proves any prejudice to the Appellees.

¶11.     We find the record shows that from 2005 to 2009, the Smiths were dilatory in responding to the Appellees' discovery requests.  The Smiths were served with several interrogatories and requests for production of documents by the various defendants in 2005 but failed to respond for over three years, requiring the defendants to file motions to compel

6

discovery in 2008. "[A] record of delay may be established by a plaintiff's failure to *timely* respond to discovery requests or a motion to dismiss or a plaintiff's significant *delay* in commencing discovery." *Estate of Paulk v. Lott*, 217 So. 3d 747, 750 (¶8) (Miss. Ct. App. 2017) (citing *Holder*, 54 So. 3d at 197 (¶19)).

¶12. The Smiths argue they were not responsible for the delay in prosecution. They claim that a default judgment was entered against Hendon on March 24, 2005, who subsequently filed a suggestion of bankruptcy, and an automatic stay of that proceeding was instituted. This stay was allegedly lifted on September 16, 2010. Therefore, because Hendon filed for bankruptcy, the Smiths had to wait for the automatic stay to be lifted. However, there are no documents regarding the bankruptcy in our record. Counsel for the Smiths only referenced Hendon's bankruptcy during the hearing on the motion to clarify the judgment. Additionally, as we have already noted, from 2005 to 2007, there was also ongoing litigation regarding the arbitration clause in the Contract, which resulted in the supreme court ordering arbitration proceedings between the Smiths and Century 21 and Cindy Smith.

¶13. Regardless, these issues of the bankruptcy/automatic stay and the litigation over the arbitration clause in the Contract do not explain why the Smiths have made no effort to prosecute their claims against the other defendants since 2010. As Bounds and Williams assert in their brief, the Smiths' filing of the motion to set a trial on January 29, 2014, was "purely reactionary and done only after Coldwell Banker and Lai filed a [m]otion to [d]ismiss for lack of prosecution." Our Court has held: "'[T]he fact that a plaintiff's sole activity was

7

reactionary'—i.e., in response to a motion to dismiss—also 'supports a finding of a clear record of delay.'" *Paulk*, 217 So. 3d at 750 (¶8) (quoting *Hillman v. Weatherly*, 14 So. 3d 721, 727 (¶21) (Miss. 2009)).

¶14.    As to any prejudice toward the defendants, there was an approximate four-year delay between the Smiths' motion to set trial in 2010 and the Appellees' motions to dismiss for lack of prosecution in 2014. There was also an eighteen-month delay between the Appellees' 2014 motions to dismiss and their subsequent motions to dismiss in 2015. Even after the Appellees filed the third motion to dismiss, the Smiths took three months to respond. In *Holder*, the supreme court found that a less-than-two-year delay resulted in presumed prejudice to the defendant, and that delay alone supported the trial court's decision to dismiss with prejudice. *Holder*, 53 So. 3d at 201 (¶34); *see also Regan v. S. Cent. Reg'l. Med. Ctr.*, 234 So. 3d 1242, 1246 (¶¶13,17) (Miss. 2017) (finding no abuse of discretion in trial court's determination that plaintiff's "three separate significant periods of inactivity from 2010 to 2015," with each period lasting "more than a year . . . evidenced a clear record of delay"). Therefore, we find the record sufficiently shows a clear record of delay by the Smiths, and the Appellees were prejudiced by their dilatory conduct.

¶15.    The Smiths also contend that the circuit court should have considered lesser sanctions. While the record does not indicate whether the circuit court ever considered lesser sanctions, the supreme court has held that "this fact alone does not require reversal." *Collins*, 59 So. 3d at 590 (¶22). "Although this Court has stated that it is 'less likely' to affirm a Rule 41(b)

8

dismissal if the record does not reflect that the [circuit] court considered lesser sanctions, it is clear that the ultimate decision lies with this Court." *Id*. As discussed, the Smiths failed to respond to requests for interrogatories and discovery for over three years, prompting some Appellees to file motions to compel. Furthermore, after no action was taken by the Smiths from 2010 to 2014, the Appellees were forced to file three separate motions to dismiss, with an eighteen-month delay between the filings of the 2014 and 2015 motions and with practically no response from the Smiths, except a submission of a motion for a trial in reaction to the filings. In this instance, we find lesser sanctions would not have served the best interests of justice.

¶16. Accordingly, we cannot find that the circuit court abused its discretion in dismissing the action with prejudice, and we affirm the judgment.

¶17. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**