# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00510-COA

**REBECCA PATE GLASS**                                                  **APPELLANT**

**v.**

**CITY OF GULFPORT, MISSISSIPPI**                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | JEFFREY S. BRUNI |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED: 11/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Rebecca Pate Glass appeals the circuit court's dismissal of her case for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(d). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On January 22, 2015, Glass filed a complaint in the Harrison County Circuit Court and asserted state- and federal-law claims related to the City of Gulfport's alleged negligent operation and maintenance of a drainage system. The City removed the case to federal court, which ultimately dismissed Glass's federal-law claims and remanded the case back to the circuit court on July 7, 2015.

¶3. On July 14, 2015, the City filed a motion to dismiss all remaining claims.[1] Ten days later, on July 24, 2015, Glass filed a "Motion for [an] Extra Ten Days" to respond to the City's motion to dismiss. No order was ever entered on Glass's motion. It is undisputed that Glass never set her motion for a hearing and did not file her response within the requested ten days.

¶4. Approximately 550 days later, on February 1, 2017, the circuit clerk filed a clerk's motion to dismiss for want of prosecution. Notice of the motion was sent to both parties. Glass was advised that her case would be dismissed "unless within [t]hirty (30) [d]ays from the date of th[e] notice, action of record [wa]s taken or written application [wa]s made to the court and good cause shown why such case should not be dismissed."

¶5. On February 3, 2017, Glass filed a response to the clerk's motion to dismiss for want of prosecution and asserted the following:

1. The [c]lerk's [m]otion to [d]ismiss was filed on February 1, 2017.

2. There remains a pending [m]otion to [d]ismiss filed by [the] City . . . .

3. [Glass] wishes to proceed with this case and conduct discovery herein.

4. [Glass] would submit that good cause has been shown for this case to remain on the [c]ourt's docket.

5. This [r]esponse is brought in the interests of justice and not for purposes of delay.

Glass requested that her cause of action "remain active on the [c]ourt's docket."

¶6. The circuit court found Glass failed to show good cause for the matter to remain on

---

[1] The motion was refiled July 15, 2015, because certain pages were electronically filed facing the wrong direction.

its active docket. Therefore, the circuit court granted the clerk's motion and dismissed Glass's case without prejudice pursuant to Rule 41(d). Glass now appeals and argues the circuit court erroneously dismissed her case.

## STANDARD OF REVIEW

¶7. "Any court of law or equity may exercise the power to dismiss for want of prosecution." *Cucos Inc. v. McDaniel*, 938 So. 2d 238, 240 (¶5) (Miss. 2006). "This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket." *Id.* (internal quotation marks omitted). "This Court will not disturb a [circuit] court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." *Id.*

## ANALYSIS

¶8. "Rule 41(d) allows the court to dismiss an action involuntarily for dismissal for want of prosecution as a penalty for dilatoriness." *Guidry v. Pine Hill Country Club Inc. of Calhoun Cty.*, 858 So. 2d 196, 198 (¶8) (Miss. Ct. App. 2003). Pursuant to Rule 41(d)(1):

> In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.

¶9. "Because the consequence of Rule 41(d)(1) is dismissal, it is directed to plaintiffs in civil actions." *Cascio v. Alfa Mut. Ins. Co.*, 164 So. 3d 452, 458 (¶26) (Miss. Ct. App. 2013). "For the case to remain on the docket, [the plaintiff] must either 'take action of record or

3

show good cause as to why his claim should not be dismissed.'" *Id*. (quoting *Pinson v. Grimes*, 42 So. 3d 650, 652 (¶8) (Miss. Ct. App. 2010)).

¶10.    "There are no Mississippi cases that precisely define the term 'action of record.'" *Id.* at 459 (¶29).  But an action of record has been characterized as one that "advance[s] the case to judgment."  *Id*. at (¶30).  "Pleadings, discovery requests, and deposition notices are 'actions of record.'"  M.R.C.P. 41(d) advisory committee's note.

¶11.    Glass first asserts her response to the clerk's motion to dismiss is a "pleading" and a "written [m]otion requesting discovery," thereby constituting an action of record.  We disagree.

¶12.    Mississippi Rule of Civil Procedure 7(a) defines a "pleading" as follows:

> a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Pursuant to Mississippi Rule of Civil Procedure 7(b)(1), a "motion . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

¶13.    Here, Glass's response to the clerk's motion to dismiss is neither a "pleading" nor a "'[m]otion' requesting discovery," as defined and discussed in Rules 7(a) and 7(b)(1).  The response, although in writing, is not in reply to the City's earlier pleading,[2] does not state

---

[2] A "responsive pleading" is defined as "[a] pleading that replies to an opponent's earlier pleading."  Black's Law Dictionary (7th ed. 2000).

4

with particularity the grounds for discovery, and does not seek action by the City or relief from the circuit court. Instead, Glass's response is simply that - a response to the clerk's motion to dismiss, with nothing more than bare assertions, conclusory statements, and a request "to remain active on the [c]ourt's docket."

¶14. Additionally, Glass's response to the clerk's motion to dismiss does not "advance the case to judgment." *Cascio*, 164 So. 3d at 459 (¶30). Indeed, the response fails to "move the case closer to a judgment on the merits." *See Guidry*, 858 So. 2d at 199 (¶13) (finding that Guidry's "motion to remain on the active docket does nothing to move the case closer to a judgment on the merits.").

¶15. Glass claims that by "explaining to the [circuit court] that [the City's motion to dismiss] has not yet been ruled upon," this somehow advances the case to judgment, thereby constituting an action of record. But Glass fails to show what, if any, steps she took to bring the pending motion to the circuit court and/or opposing counsel's attention. Glass cannot sit by idly for over 550 days and then rely on a pending motion, of which she was aware, to prevent dismissal under Rule 41(d). Overall, we find Glass's response to the clerk's motion to dismiss, although filed of record, does not constitute an "action of record" for purposes of Rule 41(d).

¶16. Glass next asserts she showed good cause as to why her case should not be dismissed. However, in her response to the clerk's motion to dismiss, Glass offers no explanation for her failure to diligently pursue her case for over 550 days. Instead, Glass refers to the City's pending motion to dismiss. Interestingly, Glass fails to mention that following the City's

5

motion to dismiss, she moved for an "extra ten days" to respond to the motion. The record reflects that Glass's motion for additional time was filed in July 2015, more than eighteen months before the clerk's motion to dismiss. At no time during that eighteen-month period did Glass request a hearing on her pending motion or pursue resolution of the motion. Moreover, Glass did not file a response to the City's motion within the requested ten days, nor at any time prior to or after the clerk's motion to dismiss. Additionally, despite Glass's "wish[] to proceed . . . and conduct discovery," no discovery requests were ever propounded at any time during litigation.

¶17. As Glass failed to take action of record or show good cause, her case was properly dismissed without prejudice for the failure to prosecute pursuant to Rule 41(d).

¶18. **AFFIRMED.**

**LEE, C.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.**