# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00963-COA

GARY P. SCOTT                                                    APPELLANT

v.

UNITEDHEALTHCARE OF MISSISSIPPI INC.                            APPELLEE

DATE OF JUDGMENT:           08/18/2022
TRIAL JUDGE:                HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:  LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     RICHARD D. UNDERWOOD
ATTORNEY FOR APPELLEE:      DONALD ALAN WINDHAM
NATURE OF THE CASE:         CIVIL - INSURANCE
DISPOSITION:                AFFIRMED - 11/21/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    The Lee County Circuit Court dismissed Gary P. Scott's case for failure to prosecute

pursuant to Mississippi Rule of Civil Procedure 41(d)(1)[1] and the court's "inherent power"

to control its own docket "and promote the orderly expedition of justice."[2] Finding that the

circuit court did not abuse its discretion in dismissing Scott's case for want of prosecution,

---

[1] Rule 41(d)(1) provides that if no "action of record" has been taken in a civil action in the preceding year, "the clerk of the court shall" notify the attorneys of record that the "case will be dismissed by the court for want of prosecution unless within thirty days [of notice] . . . action of record is taken or an application in writing is made to the court and good cause shown why [the case] should be continued as a pending case." M.R.C.P. 41(d)(1). If no appropriate response is made, "the court shall dismiss [the] case without prejudice." *Id.*

[2] *Leasy v. SW Gaming LLC*, 335 So. 3d 555, 558 (¶8) (Miss. 2022).

we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. On November 11, 2017, Scott filed a complaint against United Healthcare of Mississippi Inc. (UHC),[3] alleging that he had entered into a contract with UHC to provide healthcare coverage and that UHC failed to pay certain benefits under that contract.[4] After the complaint was filed, no activity of record took place until May 17, 2019, when the Lee County Circuit Court Clerk filed a "Notice of Intent to Dismiss as Stale" pursuant to Rule 41 (Rule 41 notice). The Rule 41 notice listed Scott's lawsuit against UHC, among seventeen other cases, as cases subject to potential dismissal because "no action has been taken during the preceding twelve months." The notice provided that the cases "WILL BE DISMISSED FOR WANT OF PROSECUTION ON **JUNE 21, 2019** UNLESS GOOD CAUSE IS SHOWN WHY THEY SHOULD BE CONTINUED AS PENDING CASES **AND** AN ORDER IS FILED **BEFORE** THAT DATE."

¶3. On June 19, 2019, Scott filed a "Motion for a Rule 16 Scheduling Conference & Trial Setting." UHC filed its answers and defenses on July 18, 2019. The case docket indicates that a notice of service of discovery was filed on December 12, 2019. No other action of record was taken until the circuit clerk issued a second Rule 41 notice on June 14, 2022, as we discuss below.

---

[3] The entity was identified as "UnitedHealthcare" in Scott's complaint.

[4] The docket indicates that proof of service of process was filed on February 14, 2018.

2

¶4. On March 13, 2020, "the President of the United States declared a national emergency due to the outbreak of [COVID-19]." Emergency Administrative Order, *In re Emergency Order Related to Coronavirus* (*COVID-19*), No. 2020-AD-00001-SCT, at 1 (Miss. Mar. 13, 2020). In response, the Mississippi Supreme Court issued its first Emergency Administrative Order (EAO) in which it delineated "certain emergency actions" and "guidelines" to be taken by "all the courts of the state" in light of the COVID-19 pandemic. *Id.*

¶5. The supreme court ultimately issued twenty-seven EAOs relating to COVID-19, with the last EAO being issued on January 27, 2022. In these EAOs, the supreme court consistently recognized the constitutional requirement that Mississippi state courts remain open and accessible,[5] *see* Emergency Administrative Order-27, *In re Emergency Order Related to Coronavirus* (*COVID-19*), No. 2022-AD-00001-SCT, at 1 (Miss. Jan. 27, 2022), as well as the trial courts' discretionary authority to control their general dockets as the individual judges saw fit. *See, e.g.*, Emergency Administrative Order-14, *In re Emergency Order Related to Coronavirus* (*COVID-19*), No. 2020-AD-00001-SCT, at 4 (¶3) (Miss. July 23, 2020).

---

[5] *See, e.g.*, Miss. Const. art. 3, § 24 ("All courts shall be open . . . and justice shall be administered without sale, denial, or delay."); *Id.* § 25 ("No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both."); *Id.* § 26 (recognizing an accused's rights, among others, to a "speedy and public trial"); *Id.* § 26A (recognizing crime victims' rights "to be treated with fairness, dignity and respect throughout the criminal justice process; and to be informed, to be present and to be heard, when authorized by law, during public hearings").

¶6. Scott's lawsuit remained dormant since the notice of service of discovery filed on December 12, 2019. In particular, although Scott's motion for a trial setting had been pending since June 2019, Scott had not taken any action on that motion, such as setting it for a hearing or checking on its status, even in the nine months before the President declaring a national emergency due to the COVID-19 pandemic in March 2020.

¶7. On June 14, 2022, the circuit clerk issued the second Rule 41 notice, listing eighteen cases, including this case, warning that the matters "WILL BE DISMISSED FOR WANT OF PROSECUTION ON **JULY 18, 2022** UNLESS GOOD CAUSE IS SHOWN WHY THEY SHOULD BE CONTINUED AS PENDING CASES **AND** AN ORDER IS FILED **BEFORE** THAT DATE."

¶8. Scott filed a "Motion to Leave Case on the Docket" on July 17, 2022, a day before the July 18, 2022 deadline. He asked the circuit court "to leave this case on the docket on the basis that a motion for trial setting is pending," averring that "counsel has obtained and will submit the online form for a trial setting." There was no mention of the intervening COVID-19 pandemic, and Scott did not attach an affidavit or any other documentation further supporting his basis for requesting that the court not dismiss his complaint. Nor did Scott set this motion for a hearing.

¶9. The next day, UHC filed its opposition to Scott's motion, asserting that "[i]n the almost five years since this case was filed, virtually no action has been taken by Scott to prosecute the case except in response to notices that the case would be dismissed for want

of prosecution." UHC asserted that because "this is the second such notice, with two-and-a-half additional years of lack of prosecution passing in between, no good cause exists why this case should not be dismissed."

¶10. The circuit court dismissed this case for failure to prosecute on July 25, 2022, finding that Scott's motion to leave his case on the docket was not an "action of record" that would serve to prevent dismissal under Rule 41(d)(1), as it was not a pleading, discovery request, or deposition notice, citing *Illinois Central Railroad Company v. Moore*, 994 So. 2d 723, 728 (¶14) (Miss. 2008). "Thus, [Scott] must show 'good cause' why this matter should not be dismissed."

¶11. Based upon the circuit court's review of "the motions, the record, and being otherwise fully advised," the court found that Scott "failed to show good cause—or any cause—why this matter should not be dismissed as a stale case." Accordingly, "pursuant to the Court's inherent power and control over its own docket as well as the authority granted it by M.R.C.P. 41(d)," the circuit court dismissed Scott's case without prejudice.

¶12. After entry of the circuit court's order of dismissal, Scott filed a motion seeking reconsideration pursuant to Mississippi Rules of Civil Procedure 59 and 60. For the first time, Scott noted that "the Mississippi Supreme Court recognized on March 20, 2020, that the CDC had declared a pandemic," and, according to Scott, "virtually no cases were being tried." Scott further stated in his motion that "counsel was not interested in trying the case with an emotionless, masked jury, with muffled, masked witnesses and attorneys, in a

5

courtroom where people were staying 6 to 10 feet apart and a jury likely more interested in their own health than the facts of the case." Scott did not attach any affidavits or other supporting documentation to his motion for reconsideration, and Scott did not set this motion for a hearing.

¶13. The circuit court denied Scott's motion for reconsideration. First, the circuit court observed that Scott's purported showing of "good cause" in his motion to leave his case on the docket was simply that "a prior motion for trial setting was pending." That motion, however, was filed on June 19, 2019, and "was never called for hearing or otherwise acted upon by [Scott]." The circuit court further noted that "requesting a trial date does not, in and of itself, indicate that trial is all that remains to be done in a case." Continuing, the circuit court found that even "[a]ssuming it did, this matter was ready for trial in 2019 when Plaintiff filed [that] motion," yet the case nevertheless "remained dormant for over two years."

¶14. The circuit court also addressed Scott's "attempt[], for the first time in his motion seeking reconsideration, to blame the COVID-19 pandemic [for] his delayed prosecution of this matter—arguing that 'virtually no cases were being tried.'" On this point, the circuit court observed:

> The series of Emergency Administrative Orders from the Chief Justice of the Mississippi Supreme Court granted trial judges wide discretion in how and whether to conduct civil jury trials. Contrary to Plaintiff's insinuation, and consistent with those Emergency Administrative Orders and the Mississippi Constitution, the courts of this State—and more specifically the courts of the First Circuit Court District—remained open and accessible, including for civil

6

jury trials. Yet Plaintiff's counsel "was not interested in trying this case" during this time. COVID concerns were never raised or brought to the Court's attention until the motion for reconsideration.

Based upon these findings, the circuit court found that "[Scott] has failed to meet his burden under either [Rule 59] or 60 to justify reconsideration."

¶15.    Scott appealed.

¶16.    During the appeal process, the parties discovered that they had failed to designate the circuit clerk's first Rule 41 notice as part of the record. The parties jointly filed a motion to correct the record to add the notice, which the circuit court granted.

¶17.    Shortly before Scott's appellant brief was due, he filed another motion seeking to supplement the record, this time to include the docket information and certain filings in the other seventeen cases that had been listed in the circuit clerk's second Rule 41 notice. Scott filed this motion in the supreme court, and the supreme court remanded the issue to the circuit court for consideration. The circuit court denied supplementation, noting that "'motions to dismiss for failure to prosecute are considered on a case-by-case basis[,]' *Cascio v. Alfa Mut. Ins. Co.*, 164 So. 3d 452, 457 [(¶20)] (Miss. Ct. App. 2013)." "Thus," the circuit court held, "any action or inaction by a party or the Court in any of the other cases noticed for staleness has no bearing on the instant cause. Rather, the instant cause was considered on its own, unique procedural history—solely and apart from any of the other cases."

**STANDARD OF REVIEW**

7

¶18. "This Court will not disturb a [circuit] court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." *Glass v. City of Gulfport*, 271 So. 3d 602, 604 (¶5) (Miss. Ct. App. 2018) (quoting *Cucos Inc. v. McDaniel*, 938 So. 2d 238, 240 (¶5) (Miss. 2006)). "A finding of abuse of discretion absent a definite and firm identification of clear error violates time-honored standard-of-review principles." *Leasy*, 335 So. 3d at 558 (¶7) (quoting *Nunnery v. Nunnery*, 195 So. 3d 747, 752 (¶13) (Miss. 2016)).

## DISCUSSION

¶19. The circuit court dismissed Scott's case for failure to prosecute pursuant to the authority granted to it by Rule 41(d) and the court's inherent power and control over its own docket.[6] Scott asserts that the circuit court erred in doing so. We disagree and find no abuse of discretion in the trial court's dismissal for want of prosecution, as discussed below.

### I.     Rule 41(d)(1) Dismissal

¶20. Rule 41(d) authorizes the court "to dismiss an action involuntarily for dismissal for want of prosecution as a penalty for dilatoriness." *Glass*, 271 So. 3d at 604 (¶8); M.R.C.P. 41(d)(1). Rule 41(d)(1) provides:

---

[6] The circuit court dismissed Scott's lawsuit without prejudice; however, the statute of limitations is not tolled by a Rule 41 dismissal to avoid "present[ing] an opportunity for abuse of process, potentially allowing cases to be dismissed and refiled for a period of years or even decades. This would reward plaintiffs who sleep on their rights and would lead to unjust results." *Knight v. Knight*, 85 So. 3d 832, 837 (¶30) (Miss. 2012). Scott states in his appellant brief that the circuit court's dismissal was therefore "*potentially* fatal" (emphasis added), but he offers no specific facts with respect to the claim(s) he made against UHC in his complaint on this point.

In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken *or* an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. . . .

M.R.C.P. 41(d)(1).

¶21.    The advisory committee's note to Rule 41 provides that "[a]fter the court clerk has given notice pursuant to Rule 41(d), a party seeking to avoid dismissal for lack of prosecution must either take some 'action of record' or apply in writing to the court and demonstrate good cause for continuing the case." *See Glass*, 271 So. 3d at 604 (¶9). "Pleadings, discovery requests, and deposition notices are 'actions of record.'" M.R.C.P. 41(d) advisory committee's note. An "action of record" has also been "characterized as one that advance[s] the case to judgment." *Glass*, 271 So. 3d at 604 (¶9). "[T]he filing of an 'action of record' is a safeguard to dismissals under Rule 41(d)(1) but not under Rule 41(b)." *Cascio*, 164 So. 3d at 459 (¶26).

¶22.    Where no "action of record" is taken, a party's "'application in writing . . . to the court' [must be] *accompanied by* 'good cause shown why it should be continued as a pending case.'" *Ill. Central R.R. Co.*, 994 So. 2d at 729 (¶15) (quoting M.R.C.P. 41(d)(1)). Upon review, we find no abuse of discretion in the circuit court's dismissal of Scott's case for failure to prosecute pursuant to Rule 41(d).

¶23.    Scott also asserts that the trial court erred by dismissing his case pursuant to Rule

9

41(d)(1) because his July 17, 2022 motion to leave his case on the docket and his online request for a trial date constitute "action of record" so as to prevent dismissal under Rule 41(d)(1). We are unconvinced by this argument.

¶24. Based upon the plain language of Scott's motion, we find that it was no more than a filed request that "the Court . . . leave this case on the docket on the basis that a motion for trial setting is pending." This is not a "pleading" as defined in Mississippi Rule of Civil Procedure 7(a),[7] nor is it a discovery request or deposition notice, as the circuit court found.

¶25. Nor does it suffice as an "action of record" simply by referencing the pending motion for a trial setting. As the supreme court recognized in *Illinois Central Railroad*, letters that "do nothing more than, in essence, say 'don't dismiss our case'" do not suffice as an "action of record" pursuant to Rule 41(d)(1). *Ill. Central R.R. Co.*, 994 So. 2d at 728 (¶13) (quoting *Cucos*, 938 So. 2d at 248 (¶33) (Dickinson, J., dissenting)). The same is true for a "*motion to remain on the active docket* [that] does nothing to move the case closer to a judgment on the merits." *Id.* at 728 (¶12) (quoting *Guidry v. Pine Hills Country Club Inc. of Calhoun*

---

[7] Rule 7(a) defines "Pleadings" as follows:

There shall be a complaint and an answer; a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

M.R.C.P. 7(a).

10

*Cnty.*, 858 So. 2d 196, 199 (¶13) (Miss. Ct. App. 2003)) (emphasis added by supreme court). "To condone such effortless conduct . . . makes a mockery of the Mississippi Rules of Civil Procedure." *Id.* at 728 (¶13).

¶26. This Court's decision in *Glass* is instructive. There, the plaintiff Rebecca Glass responded to the clerk's motion to dismiss for want of prosecution by referencing a pending motion to dismiss filed against her by the defendant City of Gulfport as a basis for keeping her lawsuit on the docket. *Glass*, 271 So. 3d at 603 (¶5). This Court found that simply telling the circuit court that the motion to dismiss had not been ruled upon did not "somehow advance[] the case to judgment . . . [or] constitut[e] an action of record." *Id.* at 605 (¶15).

¶27. Particularly relevant in the case before us, we noted in *Glass* that "Glass fail[ed] to show what, if any, steps she took to bring the pending motion to the circuit court and/or opposing counsel's attention." *Id.* Under these circumstances, we held that "Glass cannot sit by idly for over 550 days and then rely on a pending motion, of which she was aware, to prevent dismissal under Rule 41(d)." *Id.* We concluded, "Overall, we find Glass's response to the clerk's motion to dismiss, although filed of record, does not constitute an 'action of record' for purposes of Rule 41(d)." *Id.*

¶28. Similarly, Scott's motion to leave his case on the docket merely references a motion for a trial setting that had been pending for over two years. Scott offered no explanation in his motion why he had not set the pending trial-setting motion for hearing or taken any other action to move his request along. In short, we find that Scott's motion was really no more

11

than "a request to remain active on the court's docket" that simply does not suffice as an "action of record." *Glass*, 271 So. 3d at 605 (¶13) (internal quotation marks omitted).

¶29. Scott also asserts that his online request for a trial setting was an "action of record" because it "advanced the case to judgment." Technically, this was plainly not an "action of record" because the request was not a court filing. Nor do we find that it sufficed to "advance[] the case to judgment" in any meaningful way. As the circuit court pointed out, "requesting a trial date does not, in and of itself, indicate that trial is all that remains to be done in a case." Even "[a]ssuming it did, [then] this matter was ready for trial in 2019 when [Scott] filed his motion for trial setting. Yet this case remained dormant for over two years." Scott had not sought a hearing on the "pending" motion for a trial setting or taken any action to obtain a trial date until the clerk filed a second Rule 41(d) notice.[8]

¶30. In short, we find that Scott's July 17, 2022 motion to leave his case on the docket was, at most, "an application in writing . . . to the court" requiring an accompanying showing of "good cause . . . why [the case] should be continued as a pending case." *See Ill. Central R.R. Co.*, 994 So. 2d at 729 (¶15) (citing M.R.C.P. 41(d)(1)).

¶31. We agree with the circuit court that Scott failed to demonstrate the requisite good

---

[8] We also observe that even if Scott's motion to leave his case on the docket were an "action of record" so as to prevent dismissal under Rule 41(d), *see Cascio*, 164 So. 3d at 459 (¶26), we find no abuse of discretion in the circuit court's dismissal based upon its own inherent power to do so. *See Leasy*, 335 So. 3d at 558 (¶8). We address that basis in the following section.

cause. No action of record was taken on this case from the date Scott filed his complaint against UHC (November 11, 2017) until over a year and a half later on May 17, 2019, when the circuit clerk issued the first Rule 41 notice to show cause why the case should not be dismissed for want of prosecution. In response to that notice, Scott filed his motion for a Rule 16 scheduling conference and for a trial setting. Although the docket reflects that a notice of service of discovery was filed in December 2019, the case then sat dormant for another two and a half years until June 14, 2022, when the circuit clerk issued the second Rule 41 notice.

¶32. In response, on July 17, 2022, Scott filed his motion to leave his case on the docket because a "motion for trial setting is pending," and he submitted an online form requesting a trial date. These actions were plainly taken in reaction to the second Rule 41 notice; prior to that time, Scott had never requested a hearing or taken any other action on the "pending" motion referenced in his July 17, 2022 motion. *See, e.g.*, *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 198 (¶22) (Miss. 2010) (reviewing a dismissal for want of prosecution and noting a factor the court may consider is whether action taken by the plaintiff was "reactionary" to a threat of dismissal "or whether the activity was an effort to proceed in the litigation"). Nor did Scott request a hearing on his motion to leave his case on the docket so as to have the opportunity to present his arguments to the circuit court.

¶33. In moving for reconsideration, Scott asserted, for the first time, that the "intervening [COVID-19] pandemic" between the last action of record (December 2019) and the circuit

13

clerk's second July 2022 Rule 41 notice excused his delayed prosecution of his lawsuit. Scott makes a similar argument on appeal.

¶34.    Like the circuit court, we are not persuaded by this argument.  As we noted above, the supreme court issued twenty-seven EAOs concerning COVID-19 guidelines and consistently recognized the need for the courts to remain open, as well as the trial judges' discretionary authority with respect to deadlines, hearings, and trials.  In its final EAO, for example, the supreme court reiterated:

> From the onset of the national and state emergencies created by Coronavirus (COVID-19) in March 2020, the Court has issued a series of Emergency Administrative Orders to address the changing circumstances and the evolving guidance provided by health authorities.  In these Orders, the Court has sought to properly balance individual rights, public health and safety, and the constitutional requirement that Mississippi state courts remain open and accessible.  *See* Miss. Const. art. 3, §§ 24-25.

Emergency Administrative Order-27, *In re Emergency Order Related to Coronavirus (COVID-19)*, No. 2022-AD-00001-SCT, at 1 (Miss. Jan. 27, 2022).

¶35.    Regarding the state court judges' discretionary authority, the supreme court also continued to recognize that

> [b]ecause of the evolving nature of this pandemic, judges remain in the best position to make decisions for their courts.  Individual judges continue to have discretion to control their dockets.  Nothing in this Order prohibits any court in the state from conducting in-person proceedings, *including trials*, so long as that court utilizes appropriate caution, prudence, and otherwise complies with prior Orders of this Court.

Emergency Administrative Order-14, *In re Emergency Order Related to Coronavirus (COVID-19)*, No. 2020-AD-00001-SCT, at 4 (¶3) (Miss. July 23, 2020) (emphasis added).

14

¶36. With respect to the Lee County Circuit Court in particular, the circuit court judge specifically noted in his order that the First Circuit Court District "remained open and accessible, including for civil jury trials."[9]

¶37. Although Scott's motion for reconsideration provides that his counsel "was not interested in trying this case" during this time, we do not find that this constitutes "good cause." We observe that despite the various ways available to communicate with the court, such as via email, telephone, or the filing of a motion or notice, counsel never raised any COVID-19 concerns or brought any such concerns to the circuit court's attention until he filed Scott's motion for reconsideration on August 1, 2022.

¶38. Scott offered no explanation, by affidavit or other documentation attached to his motion for reconsideration or initial motion to leave his case on the docket, why he did not pursue any of these avenues of communication to call to the circuit court's attention the pending trial-setting motion or communicate counsel's concerns about trying the case during the COVID-19 pandemic. Nor did Scott set his motion for reconsideration for a hearing to present his arguments to the circuit court judge and respond to any questions the judge may have had. Under these circumstances, we find that the COVID-19 pandemic offers no basis

---

[9] *See, e.g.*, Emergency Administrative Order-5, *In re Emergency Order Related to Coronavirus* (*COVID-19*), No. 2020-AD-00001-SCT, at 2 (¶¶1-2) (Miss. Mar. 20, 2020) (encouraging the use of "technologies, including electronic filing, teleconferencing, and videoconferencing" where available, and encouraging the "Judges' offices or court clerks' offices . . . to remain accessible by telephone and email, to the extent possible, during regular business hours").

for reversing the circuit court's dismissal for want of prosecution in this case.

¶39.    For all these reasons, we find no abuse of discretion, and certainly no clear error, in the circuit court's order dismissing Scott's case for failure to prosecute pursuant to Rule 41(d)(1).

## II.    The Circuit Court's "Inherent Power" to Dismiss for Want of Prosecution

¶40.    We also recognize that "the power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." *Leasy*, 335 So. 3d at 558 (¶8) (quoting *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853 (¶20) (Miss. 2018)). This power "can be exercised sua sponte where a motion by a party is lacking." *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986). Whether a case warrants dismissal for failure to prosecute is "considered on a case-by-case basis." *Holder*, 54 So. 3d at 197 (¶17).

¶41.    "[W]here the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, . . . dismissal [for want of prosecution] is likely to be upheld." *Watson*, 493 So. 2d at 1279 (citations omitted). "Factors other than delay are not required. The standard is whether there is a clear record of delay *or* contumacious conduct by the plaintiff." *Hanson v. Disotell*, 106 So. 3d 351, 355 (¶10) (Miss. Ct. App. 2011) (quoting *Holder*, 54 So. 3d at 198 (¶20)), *aff'd*, 106 So. 3d 345 (Miss. 2013). "[D]elay *alone* may be sufficient to warrant a dismissal." *Leasy*, 335 So. 3d at 559 (¶10). Additionally, we "must consider whether lesser sanctions would

16

suffice." *Holder*, 54 So. 3d at 197 (¶17).

¶42.    Based upon these principles, we find that the facts and circumstances discussed above also support dismissal for failure to prosecute based upon the circuit court's own "inherent power" to control its docket and advance "the orderly expedition of justice." *Leasy*, 335 So. 3d at 558 (¶8).

### A.    Clear Record of Delay

¶43.    Scott's delay in pursuing his case is set forth above.  As we have noted, in reviewing a dismissal for want of prosecution, we may consider whether the plaintiff's actions were "reactionary" to threats of dismissal or "an effort to proceed in the litigation."  *Leasy*, 335 So. 3d at 559 (¶10) (quoting *Holder*, 54 So. 3d at 198 (¶22)); *Hillman v. Weatherly*, 14 So. 3d 721, 727 (¶21) (Miss. 2009); *Smith v. Coldwell Banker Graham & Assocs. Inc.*, 271 So. 3d 489, 493 (¶13) (Miss. Ct. App. 2018); *Havard v. Sumrall*, 250 So. 3d 1282, 1290 (¶22) (Miss. Ct. App. 2017); *Cornelius v. Benefield*, 168 So. 3d 1028, 1035 (¶15) (Miss. Ct. App. 2013).

¶44.    In *Hillman*, for example, the supreme court found the circuit court's "finding of a clear record of delay" was supported under facts similar to those present here.  *Hillman*, 14 So. 3d at 726-27 (¶¶20-22).  In a case pending for more than five years, the clerk filed two Rule 41 notices, which prompted immediate reactionary activity that quickly reverted to extended periods of inaction.  *Id.* (¶¶20-21).  Even with respect to the clerk's first Rule 41 notice, the supreme court observed that there had been "no action of record for more than

two years," and even "nineteen months of inactivity was sufficient delay, standing alone, to warrant dismissal." *Id.* at 727 (¶21) (internal quotation marks omitted). The supreme court found no abuse of discretion in the circuit court's "finding of a clear record of delay" in light of the delays between both Rule 41 notices coupled with the "reactionary" nature of the plaintiff's "sole activity" throughout the case. *Id.* at 726-27 (¶¶20-22); *Smith*, 271 So. 3d at 493 (¶13) (affirming the circuit court's dismissal for want of prosecution where this Court found a clear record of delay, particularly noting that the plaintiff's filing of a motion to set a trial was "purely reactionary" and done only after a motion to dismiss for lack of prosecution was filed); *Havard*, 250 So. 3d at 1290 (¶22) (affirming the circuit court's dismissal for want of prosecution where the activity taken by plaintiff was "in reaction" to a motion to dismiss).

¶45. Similarly, Scott's activities in this case were made only in reaction to notices of intent to dismiss for failure to prosecute, as the circuit court found. That is, in response to the circuit clerk's first Rule 41 notice, Scott filed a motion for a Rule 16 scheduling conference and for a trial setting. *See* M.R.C.P. 16. That motion sat dormant until the circuit clerk filed a second Rule 41 notice in June 2022. Only then did Scott react by submitting an online request for a trial setting and filing his July 17 motion to leave his case on the docket, referencing the "pending" motion for a trial setting as the reason his case should not be dismissed. We find no abuse of discretion in the circuit court's finding a "clear record of delay" warranting dismissal under these circumstances. *See Holder*, 54 So. 3d at 198 (¶20).

### B. Lesser Sanctions

¶46. Additionally, in assessing whether the circuit court abused its discretion in dismissing Scott's case for want of prosecution, "we must consider whether lesser sanctions would better serve the interests of justice." *Id.* at 200 (¶32). "Lesser sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* (internal quotation marks omitted).

¶47. Scott suggests that dismissal was improper in this case because there was no "contumacious conduct" on his part, "there was an intervening pandemic," and when the circuit court dismissed the case, there was a pending request for a trial setting. According to Scott, under these circumstances, lesser sanctions should have been imposed, citing *Mississippi Department of Human Services v. Guidry*, 830 So. 2d 628 (Miss. 2002), and *American Telephone and Telegraph Co. v. Days Inn of Winona*, 720 So. 2d 178 (Miss. 1998). We disagree.

¶48. To begin, we reiterate that "where the record shows that a plaintiff has been guilty of dilatory *or* contumacious conduct, *or* [the plaintiff] has repeatedly disregarded the procedural directives of the court, . . . dismissal [for want of prosecution] is likely to be upheld." *Watson*, 493 So. 2d at 1279 (emphasis added) (citations omitted). Both cases that Scott cites likewise recognize this test. *See Guidry*, 830 So. 2d at 632 (¶13); *Days Inn of Winona*, 720 So. 2d at 180-81 (¶¶11-12). A finding of "contumacious conduct" is not a prerequisite for

19

dismissal for want of prosecution. *Leasy*, 335 So. 3d at 559 (¶10).

¶49. Particularly in light of our deferential review of the circuit court in matters such as this, we find no abuse of discretion in the circuit court not imposing lesser sanctions under the circumstances before us. As the supreme court explained in *Holder*,

> [d]elay alone is sufficient to warrant a dismissal; the Court of Appeals erred in reversing the trial court based on the absence of an aggravating factor present in today's case. Aggravating factors may be considered by the trial court when determining whether dismissal is an appropriate sanction, but they are not requirements; delay alone may be sufficient to warrant a dismissal. Prejudice may be presumed from this delay. Finally, in light of the dilatory conduct present in this case, lesser sanctions would not better serve the interests of justice. Thus, . . . we find no abuse of discretion on the part of the trial judge in dismissing this case under Mississippi Rule of Civil Procedure 41(b).

*Holder*, 54 So. 3d at 201 (¶34) (Where the plaintiffs' delays were reactionary and not "an isolated incident of one missed deadline or a short, delayed response," but "multiple, extended delays," the supreme court found that lesser sanctions "would not serve the interests of justice.").

¶50. As we have addressed above, similar to *Holder*, this case contains multiple, extended delays, despite a Rule 41 notice having been previously issued. As in *Holder*, we find that lesser sanctions would not serve the interests of justice. *Hasty v. Namihira*, 986 So. 2d 1036 (Miss. Ct. App. 2008), offers further guidance on this point.

¶51. In *Hasty*, the Court recognized that the circuit court "applied lesser sanctions" where it did not dismiss the plaintiffs' case after the plaintiffs received their first clerk's Rule 41 notice of dismissal. *Id.* at 1038, 1041 (¶¶2-4, 18). In response to the first Rule 41 notice, the

20

plaintiffs' counsel sent a letter indicating that the plaintiffs intended to proceed on the matter. *Id.* at 1041 (¶18). The plaintiffs, however, took no action of record for an additional year until receiving a second notice of dismissal. *Id.* This Court observed that allowing the case to proceed after the first rule 41 notice was the "application of lesser sanctions," which "served as a warning to the plaintiffs that the case needed to proceed." *Id.*

¶52. A scenario similar to the one in *Hasty* took place in this case. The first Rule 41 notice served as a warning and lesser sanction, but Scott did not heed this warning in any significant way. Rather, as the circuit court found, the case "sat stagnant for over two-and-a-half years. Only when the [c]lerk filed a second notice of intent to dismiss for failure to prosecute did [Scott] file [his] motion to leave the case on the docket." *See also Watson*, 493 So. 2d at 1279 (explaining dismissal should be upheld where the party "repeatedly disregarded the procedural directives of the court"). Scott plainly displayed "dilatory conduct" in this case, and like the circuit court, we do not find that the other factors Scott relies on require the imposition of a lesser sanction.

¶53. In particular, for the same reasons we have addressed above in the lack-of-good-cause context, we do not find that the COVID-19 pandemic or Scott's pending motion for a trial setting excused Scott's dilatory conduct or are grounds for finding error in the circuit court not imposing lesser sanctions. Scott had multiple options for communicating with the circuit court and opposing counsel with respect to any COVID-19 concerns—but he did not. Instead, Scott allowed the case to languish for "over two-and-a-half years." Likewise, Scott

did not take any action on his pending motion for a trial until July 17, 2022—when he took action only as a reactionary measure after the circuit clerk's second Rule 41 notice.

¶54. Lastly, we note that in his opening appellant's brief and reply, Scott refers to the dockets and outcomes of the other seventeen cases that were listed on the circuit clerk's second Rule 41 notice. He asserts that what he believes occurred in those cases is relevant in determining whether the circuit court's decision "in the instant case was arbitrary."

¶55. As addressed above, Scott was unsuccessful in his attempt to supplement the record to include the dockets of the other cases considered by the circuit court for dismissal for want of prosecution. So Scott invites this Court to take judicial notice of this information. We flatly refuse to do so for the same reason the circuit court denied Scott's motion to supplement the record with this information: "Motions for failure to prosecute are considered on a case-by-case basis." *Holder*, 54 So. 3d at 197 (¶17). As the circuit court explained, "[t]hus, any action or inaction by a party or the Court in any of the other cases noticed for staleness has no bearing on the instant cause. Rather, the instant cause was considered on its own, unique procedural history—solely and apart from any of the other cases." We agree and reject Scott's contentions on this point.

¶56. In sum, we find that after previously allowing the case to proceed despite prior delays, the circuit court did not abuse its discretion by refusing to impose lesser sanctions than dismissal after an additional two-and-a-half years of inactivity. For the above-stated reasons, we affirm the circuit court's judgment of dismissal.

¶57.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.   McDONALD AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**