# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01390-COA

**SOUTHEAST FINANCIAL CREDIT UNION**　　　　　　　　　　**APPELLANT**

**v.**

**AARON L. BROWN**　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2024 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDRICKE LEMOYNE PEYTON |
| ATTORNEY FOR APPELLEE: | PSONYA CELESTE WILSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 02/10/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A credit union sued a credit card holder, alleging he spent almost $15,000 then failed to pay the accompanying bill. But the defendant testified that he never applied for the credit card, instead claiming his ex-wife was who incurred the charges. Then, the case went cold. The circuit court clerk warned the plaintiff it was subject to dismissal. After more time passed, the trial court found the credit union failed to show good cause as to why its case should not be dismissed for lack of prosecution.

¶2. Finding the trial court was within its discretion to dismiss the case after it had been pending for over seven years, we affirm.

## BACKGROUND

¶3. On May 1, 2017, Southeast Financial Credit Union sued Aaron Brown, alleging he

had "applied for and was approved for a[] credit card" but failed to pay the bill. Southeast Financial alleged he ultimately owed an "unpaid remaining balance" of $14,893.10. The credit union sought 11.9% interest per year and $3,694.28 in attorney's fees.

¶4. By June 21 of that same year, Brown was served with process; through counsel, he denied that he had a contractual relationship with the credit union.

¶5. The case sat without activity for nearly two years.

¶6. Then, in April 2019, the credit union filed a motion for summary judgment, arguing it "ha[d] put on proof that a valid and binding contract existed between Southeast and Aaron Brown and that Mr. Brown ha[d] broken or breached the contract."

¶7. Three months later, Brown vehemently responded that "he was never a debtor" to the credit union. By sworn affidavit, he testified that he was formerly married to a woman named Eureka Brown and that she—unbeknownst to him—was who applied for the credit card with Southeast Financial. "She did not consult me about the application for credit nor did I sign any document related to a credit card application," he testified. To the extent Brown was used as a guaranty on the credit card his ex-wife applied for, he believed that such action was made "fraudulently" because he "did not see, review, or sign an application for credit" with the plaintiff. In the end, Brown declared that "I am not now nor have I ever been member of any credit union."

¶8. The docket sat idle once more, this time for another year and 3 months.

¶9. On November 3, 2020, the DeSoto County Circuit Court Clerk warned the plaintiff that the case was suffering for want of prosecution for over a year and was subject to

dismissal as a result.

¶10. Awakening the credit union, it filed what was styled as a reply to Brown's response to its motion for summary judgment. The reply was filed on November 25, 2020.

¶11. But then the case sat untouched for a few more months.

¶12. In March 2021, the credit union set its motion for summary judgment—which was filed almost two years prior—for a hearing. And two weeks later, it filed a motion to strike that hearing, averring that "[t]he parties will confer and reset the motion at a later date."

¶13. The case then sat idle for another year and two months.

¶14. On May 5, 2022, the circuit court clerk warned the plaintiff for a second time that the case was subject to dismissal due to lack of prosecution. Southeast Financial filed a response the same day, arguing that its motion for summary judgment was still pending and that the previous year's hearing was "struck at [our] request . . . pending settlement negotiations with the defendant," but "[t]he parties did not agree to a resolution." If the trial court denied its motion for summary judgment, the credit union stated it "will resume active prosecution of the case[.]"

¶15. Two years and one month later, the circuit court entered an order to show cause. "Considering the state of the record," the trial court ruled that counsel for the credit union was required to be present for a hearing and that "[f]ailure to appear will result in dismissal of the action." The hearing was set for June 24, 2024, over 7 years since the complaint was filed.

¶16. Shortly thereafter, the credit union filed a notice of hearing for its motion for summary

3

judgment set for August 19, 2024.

¶17.    On June 26, 2024, the circuit court entered an order of dismissal. "Having failed to appear at the hearing scheduled for June 24, 2024, and having . . . otherwise fail[ed] to show good cause why the case should remain on the [c]ourt's active docket," the trial court dismissed the action.

¶18.    The same day, Southeast Financial filed a motion to set aside the order of dismissal. The motion alleged that the parties had "agreed to continue the show cause hearing to August 19, 2024," when the motion for summary judgment could also be heard. But "[t]he parties mistakenly failed to enter an agreed continuance and did not appear on June 24, 2024," the date set by the circuit court for the show cause hearing.

¶19.    The trial court declined to reconsider its order. At the time the trial court was reviewing the motion to set aside, the lawsuit had been pending over 7 years and 6 months. "There has been no advancement of litigation by the Plaintiff since July 14, 2019, despite the Clerk's requests for dismissal for failure to prosecute in November 2020 and May 2022," the trial court recounted. The trial court acknowledged that "good cause may exist for setting aside the Court's Order of Dismissal . . . due to the agreement between counsel to continue" the show cause hearing. But that was not the point; ultimately, the credit union still "failed [to] establish cause for its failure to prosecute the action, as was demanded by the [c]ourt." Accordingly, the trial court denied the motion to set aside the order of dismissal.

¶20.    Southeast Financial filed a notice of appeal, and it was assigned to us for review.

**DISCUSSION**

4

¶21. The credit union raises two issues on appeal, both essentially centering around the same point—that its action against Brown should not have been dismissed for want of prosecution.

¶22. This Court "will not disturb a circuit court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." *Scott v. UnitedHealthcare of Miss. Inc.*, 374 So. 3d 1270, 1275-76 (¶18) (Miss. Ct. App. 2023). "A finding of abuse of discretion absent a definite and firm identification of clear error violates time-honored standard-of-review principles." *Id.* (quoting *Leasy v. SW Gaming LLC*, 335 So. 3d 555, 558 (¶7) (Miss. 2022)).

¶23. Mississippi Rule of Civil Procedure 41 allows courts "to dismiss an action involuntarily for dismissal for want of prosecution as a penalty for dilatoriness." *Scott*, 374 So. 3d at 1276 (¶20) (quoting *Glass v. City of Gulfport*, 271 So. 3d 602, 604 (¶8) (Miss. Ct. App. 2018)). Pursuant to Rule 41(d), after the clerk warns a party that "there has been no action of record during the preceding twelve months" and then "action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice." MRCP 41(d). It is also well-established that "the power to dismiss an action for want of prosecution is part of a trial court's inherent authority." *Miss. Dep't of Hum. Servs. v. Guidry*, 830 So. 2d 628, 631 (¶9) (Miss. 2002).

¶24. To find that a dismissal for lack of prosecution is proper, "[t]he standard is whether there is a clear record of delay or contumacious conduct by the plaintiff." *Scott*, 374 So. 3d at 1280 (¶41) (emphasis added); *see* MRCP 41(b). "Delay *alone* may be sufficient to warrant

5

a dismissal." *Id.* at 1280 (¶41) (emphasis added) (quoting *Leasy*, 335 So. 3d at 559 (¶10)). In short, "[f]actors other than delay are not required." *Id.*

¶25.    Recently, this Court found no error when a circuit court dismissed a case for failure to prosecute in *Smith v. West*, 385 So. 3d 1276, 1279-80 (¶¶12, 14) (Miss. Ct. App. 2024). We found "several periods of inaction throughout [that] case, which demonstrate[d] a clear record of delay." *Id.* Specifically, "The first delay was a nine-month period of inaction from August 2015 to May 2016"; "[t]he second delay was a fifteen-month period of inaction from February 2018 to May 2019"; the "third period of inaction [was] for almost two years"; and "[t]he fourth delay was a fifteen-month period of inaction from August 2021 to November 2022[.]" *Id.* at 1279 (¶12).

¶26.    In affirming the dismissal, we reminded the Bar of the longstanding rule that "the power to dismiss for failure to prosecute is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." *Id.* at (¶14) (quotation marks and citations omitted).

¶27.    Just as in *Smith*, here, there have been long periods of complete inaction. The first delay was nearly two years after the complaint and answer were filed, between June 2017 and April 2019. Then the plaintiff filed a motion for summary judgment. After Brown responded, the case again went idle for 15 months. After the clerk issued a warning letter that the case was subject to dismissal, there was some brief activity after which the case again went idle for another 14 months. After a second clerk's notice, the trial court ordered the plaintiff to appear at a show cause hearing to demonstrate why the case should not be

6

dismissed.

¶28. Between filing the complaint and the order of dismissal, this routine breach of contract case sat on the docket for 2,613 days, or 7 years, 1 month, and 25 days. Per *Scott*, this dilatory conduct alone suffices as grounds for dismissal.

¶29. Furthermore, we are not persuaded by the credit union's argument that it had an agreement with defendant's counsel to continue the show cause hearing. The trial court *ordered* the plaintiff to appear and give reasons why the case should not be dismissed. The plaintiff did not file a motion to continue or any pleading to continue or delay the hearing.

¶30. Likewise, we are not persuaded that it is enough that Southeast Financial had a pending motion for summary judgment. The credit union filed this motion on April 8, 2019. Yet the motion was not set for a hearing until *years* later, in June 2024, and only after the trial court set a show cause hearing for dismissal. The mere fact that it was filed means little since "[t]he oft-cited rule remains that it is the duty of the movant to bring his motion to the attention of the trial court and obtain a ruling thereon, and his failure to do so constitutes a waiver of the motion." *Bonds v. State*, 938 So. 2d 352, 358-59 (¶20) (Miss. Ct. App. 2006).

¶31. It is a bedrock principle of the Judiciary that a trial court has the authority to control its own docket. Our review of the trial court's decision to dismiss this case for lack of prosecution is limited by the discretion afforded trial courts in the management of their dockets. We find it notable that the plaintiff utterly failed to appear at a show cause hearing set by the trial court. Given the repeated periods of total inaction and how long this case sat on the docket with no activity, we find no abuse of discretion.

## CONCLUSION

¶32.    For the reasons set out above, we affirm the trial court's dismissal for want of prosecution.

¶33.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**